## Maggard v. Commonwealth.

(Decided January 18, 1924.)

### Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Circuit Court Could Not Require Peace Bond where One Executed in Justice's Court.—Where one was convicted of unlawful transportation of intoxicating liquor in justice's court and filed peace bond and appealed from judgment of

conviction, the circuit court could not require the execution of another peace bond.

2. Criminal Law—Circuit Court Could Not Set Aside Justice's Judgment or Cancel Peace Bond.—Where defendant was convicted of unlawful transportation of intoxicating liquor in justice's court and, as required, filed a peace bond, on appeal from the judgment of conviction the circuit court had no authority to set aside the justice's judgment, or so much thereof as imposed a fine which had been satisfied by the execution of a replevin bond, nor did it have authority to cancel or set aside the peace bond taken by that officer.

3 Criminal Law—Appeal from Justice's Court Held Not to Lie After Replevying Fine.—Where one convicted of misdemeanor in justice's court was sentenced to 30 days in jail and fined $100.00 and replevied the fine imposed, such fine was thereby satisfied, and he could not properly appeal, and the circuit court had no jurisdiction except to enter an order of dismissal, under Criminal Code of Practice, section 369.

JOE HALL for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

A justice of the peace in Letcher county issued a warrant against appellant, Ike Maggard, charging him with the offense of unlawfully transporting intoxicating liquors. He was arrested under that warrant on August 17, 1923, and was immediately carried before the justice of the peace who issued the warrant and entered a plea of guilty; whereupon he was adjudged to pay a fine of $100.00 and be confined in the county jail for a period of thirty days; and further, he was required to execute a peace bond in the sum of $1,000.00. He then and there executed the peace bond and replevied the money fine of $100.00. It appears from the record that in the justice's court he was not represented by an attorney, and after executing the peace bond and replevying the money judgment he, in person, entered a motion to vacate and set aside the imprisonment imposed by the judgment, which motion was overruled and, then and there, and on the same day (August 17) he executed before the clerk of the Letcher circuit court an appeal bond under the provisions of section 364 of the Criminal Code of Practice. He did not recite therein the $100.00 fine imposed upon him by the justice of the peace in the latter's judgment

(as being a part of it), but only the thirty days' imprisonment imposed upon him by that judgment. The circuit clerk, without issuing any certificate of any character, as seems to be required by the section of the Code, *supra,* entered the supposed appeal upon the docket of the Letcher circuit court, which was then in session, and on the next day (August 18) the judge of that court called the case for trial and in defendant's absence (he not knowing that the case would be docketed and called for trial at that time) a jury was impaneled and, according to the transcript, it "heard the instructions of the court in writing, and returned the following verdict," which was a fine of $200.00 and sixty days in jail. The court then rendered judgment upon the verdict and directed that defendant execute a peace bond in the sum of $2,500.00, and further ordered and adjudged that the appeal bond executed by defendant before the clerk of the Letcher circuit court on the 17th day of August, 1923, "be and the same is hereby forfeited and proper process ordered." After the defendant learned of the proceedings in the circuit court he employed an attorney and filed a motion to set aside the judgment in that court and grant him a new trial on numerous grounds, two of which were that the appeal (if valid) did not stand for trial at the time the judgment was rendered therein, and because the fine of $100.00 adjudged against him in the justice's court had been replevied, and the cost in that court paid, all of which was recited in the copy of the judgment filed with the circuit court clerk at the time he took the appeal bond. That motion was overruled by the circuit judge, and in the order doing so he proceeded to set aside the judgment rendered by the justice of the peace (a portion of which had been paid by the execution of the replevin bond), and to also set aside the peace bond executed before that officer in the sum of $1,000.00. To reverse the orders and judgments of the circuit court this appeal is prosecuted.

The practice pursued in the circuit court was so unusual and extraordinary that in disposing of the appeal we are at a loss to know where to begin or how to treat the questions after we have begun. It is extremely doubtful (conceding there was a valid appeal), if the prosecution stood for trial at the time it was called and heard in that court, since no certificate had ever been issued by the clerk, or served upon any officer, as is required by the section of the Code, *supra,* and which we are inclined to

believe takes the place of a summons in similar appeals in civil cases. But, without deciding that point, the judgment appealed from was undoubtedly erroneous in requiring defendant to execute the peace bond in the sum of $2,500.00, or any other amount, since he was required to and did execute such a bond before the justice of the peace who first tried him and which question was so decided in the recent case of Munson v. Commonwealth, for use, etc., 201 Ky. 274. The prosecution, if properly in the circuit court, was the same one tried by the justice, and there is no provision of law for the execution of but one peace bond upon a conviction under a single charge of violating some provisions of the prohibition act, and under that act there is no appeal from the order requiring the execution of the bond, although if the defendant should be acquitted on the appeal, the peace bond required by the inferior court, *ipso facto,* becomes inoperative. Price v. Commonwealth, 195 Ky. 711, and Rodes v. Gilliam, 197 Ky. 123. It is also clear to our minds that the circuit court had no authority to set aside the justice's judgment, or at least so much thereof as had been satisfied by the execution of the replevin bond; nor did it have the authority to cancel or set aside the peace bond taken by that officer.

A more serious objection, however, is that there was never a valid appeal prosecuted to the circuit court, and the only order which it could enter, after the attempted appeal stood for hearing, was one dismissing it. Section 369 of the Criminal Code, relating to appeals in misdemeanor cases to the circuit courts, says: "No appeal shall be taken from a judgment of a county judge, or of a city, police or justice's court, after it is satisfied," etc. At the time of the attempted prosecution of the appeal in this case to the circuit court, the thirty days' confinement in the jail, assessed in the justice's court, was not nor could it have been satisfied, but the fine imposed of $100.00 was satisfied, since the replevying of it by the defendant was the same in law as its payment with cash. The punishing judgment of the justice, *i. e.,* the fine and imprisonment for the violation of the prohibition law, was an entirety, and we are convinced that an appeal from it could not be prosecuted by piecemeal, and when the defendant put it beyond his power to appeal from the $100.00 fine by satisfying it (under the provisions of section 369, *supra*), he lost his right to appeal from the other

punishing feature of the judgment. The facts by which defendant lost his right of appeal were recited in the judgment of the justice, a copy of which was before the circuit court, and the only order he had jurisdiction to enter was one of dismissal, which would operate to restore in the justice the right to proceed to execute the imprisonment part of his judgment and leave intact the peace bond, which he required and which defendant executed.

Wherefore, the judgment is reversed with directions to the circuit court to set aside the judgment appealed from and to dismiss the appeal.