## Shepherd v. Rich, Jailor, etc.

(Decided May 21, 1926.)

### Appeal from Edmonson Circuit Court.

1. Habeas Corpus.—No appeal lies to Court of Appeals from order granting or disallowing writ of habeas corpus by judge having original jurisdiction to issue writ.

2. Habeas Corpus—Court of Appeals Cannot Exercise Original Jurisdiction to Grant Writ After Unsuccessful Applications to Proper County and Circuit Judges, though Second Application Before Tribunal of Original Jurisdiction is Not Barred by First (Constitution, Section 110; Criminal Code of Practice, Sections 399-429).—Original jurisdiction of Court of Appeals, under Constitution, section 110, to issue writ of habeas corpus, cannot be exercised after unsuccessful applications by petitioner to proper county and circuit judges, though second application before tribunal of original jurisdiction is not barred by first one, under Criminal Code of Practice, section 429, only tribunals which may entertain second application being those provided by Criminal Code of Practice, sections 399-429.

MILTON CLARK for petitioner.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Denying writ and dismissing petition.

This is an original proceeding in this court commenced by petitioner, Luther Shepherd, filing with the

clerk of this court his petition against respondent, E. E. Rich, jailor of Edmonson county, in which it is averred that respondent illegally and without authority so to do imprisoned petitioner in the county jail of Edmonson county and continues to so confine him. As showing the illegality of such confinement it is averred in the petition that petitioner on his trial before the county judge of the county on December 3, 1925, under a charge of drunkenness was convicted and fined $100.00 and costs amounting to $11.50, and that on the same day he replevied the fine and cost with W. S. Johnson and J. H. Skaggs as his sureties; that when the three months expired and the bond became due the county judge instead of issuing an execution thereon issued a *capias pro fine* on the judgment for the arrest of petitioner and his confinement in jail until he satisfied the judgment and costs at the statutory credit per day, and that the officer to whom that writ was directed arrested petitioner and delivered him to the respondent as the jailor of the county, who had since confined him as stated. The ignoring of the replevin bond and the issuing of the writ of arrest was upon the theory that the replevin bond was illegal and void because it had not been approved by the officer who took it, and whether that is or not true is one of the questions presented for determination, but for reasons hereinafter appearing it becomes unnecessary to do so.

It is further averred that petitioner has heretofore made application to the county judge of the county for a writ of *habeas corpus* for his discharge from the custody of respondent and it was denied by that officer, and that thereupon he made a similar application before the circuit judge, Hon. John H. Gilliam, of the 8th judicial district, of which Edmonson county is a part, with a like result. The prayer of the petition filed in this court is for the issuing of a writ of *habeas corpus*, and upon the trial thereof that the imprisonment of petitioner be adjudged unlawful and the respondent as jailor of Edmonson county be directed to release him.

Before considering the main question (that of our jurisdiction and authority to issue the writ) we deem it necessary to say that there is no appeal to this court from an order of a judge having original jurisdiction to issue the writ either disallowing or granting it. Rallihan v. Gordon, 176 Ky. 471; McLaughlin v. Barr, 191 Ky. 346, and Black v. Demaree, 208 Ky. 632.

In the McLaughlin case, *supra,* we held that the
original jurisdiction conferred upon this court by section
110 of the Constitution was sufficiently broad to include
the issuing of *habeas corpus* writs in cases where such
original jurisdiction could not be effective without it, al-
though a state of circumstances calling for the exercise
of the jurisdiction to issue it was so rare that none such
occurred to the court.   The languuage of the opinion on
that point is: "Hence, we do not hold that this court is
without power to make use of a writ of *habeas corpus,*
under any and all circumstances, and when its use may
be necessary to exercise a general control over an inferior
jurisdiction, as plenary power is vested in this court to
make use of any writ necessary to effect the purpose
stated in section 110 of the Constution, although such an
occasion as may call the necessity of the writ of *habeas
corpus* into being, does not present itself by reason of
any state of circumstances, which now occur to us."   In
that case the petitioner claimed that the judgment in exe-
cution of which he was imprisoned or about to be im-
prisoned was void because one of the jurors who tried
him was not a competent juryman, and he was thereby
deprived of his constitutional right to be tried by a jury
according to the common law.   The writ was denied by
us and the motion therefor was dismissed because peti-
tioner had an adequate remedy at law, which was an ap-
plication to a circuit judge under the Criminal Code pro-
visions in chapter IV, title 10, of that Code, and the fact
that there was no appeal to this court from the order of
the judge to whom the application was made did not
destroy or in any wise impair the adequacy of that
remedy, since the right of appeal in any case is not a
Constitutional one but only a privilege conferred by stat-
ute.   The language employed in the opinion so holding
was: "In the county of Jefferson, wherein he is confined,
there are six circuit judges available to him.   To either
of them, he may apply for a writ of *habeas corpus,* and
have a speedy hearing of his cause before a judge with
general original jurisdiction and without the necessity
and ill convenience attending his removal to the sittings
of this court.   It is true, he will not have the right of an
appeal from the judgment of that judge, but that does
not make inadequate the remedy, as the right of appeal
is a privilege which the lawmaking power has the right to
bestow or to deny, and many years of experience has not

demonstrated the necessity of the right of appeal in such a proceeding. It is not unlike many other causes, which when decided by the court of original jurisdiction, there is no appeal from the judgment, but, this is not a denial of justice nor the due process of law.''

If, as therein held, we could not exercise the original jurisdiction conferred by section 110 of the Constitution because petitioner had an adequate remedy by applying to the proper circuit judge to obtain the relief he sought, a fortiori could our original jurisdiction not be exercised in this case where that adequate remedy was resorted to although with an adverse result to the petitioner. Here the petitioner went a step farther than did the one in the McLaughlin case and because he was unsuccessful he makes this application, which, in substance and effect, is an appeal from the adverse decision against him by the circuit judge to whom he made the application. Therefore, to sustain the jurisdiction in this case and determine the cause upon its merits would be tantamount to sustaining an appeal from the ruling of the circuit judge, and to indirectly entertain the appeal when none can be prosecuted directly. The substance of the McLaughlin opinion is, that after exhausting the judicial officers who have original jurisdictions to entertain an application for a writ of habeas corpus the petitioner has had his day in court, and must abide the result though denied an appeal to this court. We do not intimate that a second application before a tribunal of original jurisdiction would be barred by the first one, for it is expressly provided to the contrary by section 429 of the Criminal Code of Practice. But we do hold that the only tribunal who may entertain a second or other subsequent application is one of those provided by chapter IV of title 10 of our Criminal Code, and that there exists no right of either a direct appeal to this court, or an indirect one by an original application invoking our original jurisdiction under section 110 of the Constitution.

Wherefore, the motion to issue the writ is denied, and the petition is dismissed.