## Brewer v. Vallandingham, Judge.

(Decided November 15, 1929.)

HENDERSON ESTES and A. F. BYRD for plaintiff.

J. W. CAMMACK, Attorney General; WARD YAGER, Common-wealth Attorney; B. H. RILEY, County Attorney, and J. L. VEST for defendant.

OPINION OF THE COURT BY JUDGE DIETZMAN—Denying Writ of Prohibition.

This is an original proceeding in this court, wherein the plaintiff, Thomas O. Brewer, asks for a writ of prohibition prohibiting Hon. J. G. Vallandingham, the circuit judge of the Fifteenth judicial district of Kentucky, from passing on a motion made by the commonwealth in a prosecution now pending in the Owen circuit court against the plaintiff to remand that prosecution to the Boone circuit court for trial, and from remanding that prosecution as asked.

The plaintiff, together with Leroy Milton and Charles Keplinger, was indicted for the murder of W. L. Johnson at a special term of the Boone circuit court held in January, 1929. The case was called for trial at a special term of that court held in March, 1929. A severance being requested, Milton was tried first, convicted, and sentenced to imprisonment for life. The other two cases were continued to the regular April term of the court. The killing of Johnson had, as appears from the newspaper articles filed in this case, caused widespread indignation in Boone county, and the infliction upon Milton of the punishment of life imprisonment, instead of that of death, had been particularly displeasing, at least to the publishers of the newspapers, which circulated criticisms of the jury which had tried him.

When Brewer's case was called for trial at the April term of the court, he seasonably moved for a change of venue. His motion was supported by the necessary affidavits. The commonwealth objected to the motion and filed counter affidavits. The court overruled the motion and proceeded with the impaneling of the jury. The regular panel and two special venires being exhausted without a jury being secured, the court set aside its order overruling the motion for a change of venue and transferred the case to the Owen circuit court for trial. At the July term of the last-named court, the plaintiff was tried, the trial resulting in a hung jury. On inquiry from the court, it developed that the jury stood 11 for acquittal and 1 for conviction. Immediately after the discharge of the jury, the commonwealth moved the court to remand the case to the Boone circuit court for trial. The court overruled the motion and continued the case to the October term of the Owen circuit court for a second trial. Just before the commencement of the October term of the Owen circuit court, the commonwealth served the plaintiff with notice that it would, when court convened for that term, again move the court to remand this case to the Boone circuit court for trial, and it is this motion which we are asked to prohibit the defendant from considering.

A number of affidavits are filed with the plaintiff's petition herein, showing that the state of feeling as it existed when his motion for a change of venue was finally sustained at the April term of the Boone circuit court has not changed, and that in the opinion of the affiants it will be impossible for the plaintiff to obtain a fair and impartial trial in that community. Of course, these affidavits are very pertinent to the motion now pending in the Owen circuit court, but the only question before us is whether the defendant has jurisdiction to consider this motion, and, if he has, is he proceeding erroneously, and, if so, will great and irreparable injury result to the plaintiff thereby, and without any adequate remedy by appeal or otherwise being open to him? Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395, 398. That the defendant, sitting as the judge of the Owen circuit court, has jurisdiction to pass on the motion in question, is too plain for argument. It is but an interlocutory motion made in a pending prosecution, the jurisdiction of which is not in controversy. As the court has not had opportunity to pass on this motion, it is impossible now to say whether

he will decide it in the way which plaintiff contends is erroneous or not. For aught that is now known, the court may overrule that motion. But, were it otherwise, and it were definitely known that the court is going to sustain the motion, that would not authorize the writ here requested. The plaintiff, should he be convicted on the next trial of his case, has a full, complete, and adequate remedy by an appeal to this court to determine, among such other questions as he may see fit to raise, that of whether the trial court erred in remanding the case to the Boone circuit court for trial, if he should have done so.

The plaintiff argues, however, that the remedy by appeal is not adequate, because of the fact that he would have to remain in jail pending the appeal, since he is unable to execute bond pending the appeal, and indeed, if the death sentence or life imprisonment be inflicted, he may not execute such a bond. Criminal Code, sec. 75. The plaintiff, even in such a state of case, is in no different position from any other defendant who is unable to execute bond pending an appeal, and, if such argument should prevail, we would, in such state of case, be constantly called upon to pass upon the correctness of all interlocutory orders made by the lower courts in the trial of criminal cases. That such was never meant to be the purpose of a writ of prohibition is manifest. In the Litteral case, supra, we said that the granting of a writ of prohibition, where the court is proceeding within its jurisdiction, though erroneously, "is never warranted save in exceptional or unusual cases." Such is not this case, even if we concede, solely for the purpose of argument, that the defendant is about to proceed erroneously. The remedy by appeal to correct any erroneous ruling of the court is open to the plaintiff. The fact that he may be unable to execute bond pending that appeal is not such a circumstance as to take this case out of the general rule. He is no more unfortunate than any citizen charged with crime, who must remain in jail pending trial because unable to execute bond, and who is later acquitted on trial. It is one of the burdens of living in society.

It follows that the demurrer to the plaintiff's petition must be and it is hereby sustained, and his motion for a writ of prohibition must be and it is hereby overruled.

Whole court sitting.