# Burchell v. Tarter, Judge, et al.

(Decided March 4, 1932.)

A. T. W. MANNING for petitioner.

JOHN S. COOPER for respondents.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Dismissing petition.

The petitioner has been indicted for murder in the Rockcastle circuit court. The prosecution is at present pending in the Pulaski circuit court to which it has been transferred for trial on a change of venue. The petitioner has heretofore filed in the lower court his motion, supported by affidavit, to have Judge Tarter, the trial judge, vacate the bench because, as he claims, first, Judge Tarter has expressed such feelings of hostility towards the petitioner as will prevent him from according the petitioner a fair and impartial trial, and further has been active in the respects set out in the affidavit in the prosecution of this petitioner and in the hampering of his defense, and, secondly, because Judge Tarter is, as petitioner claims, a witness in his behalf and will be called as a witness on the trial of this case. Judge Tarter declining to vacate the bench, the petitioner appealed

from such order to this court, and that appeal was dismissed because of lack of jurisdiction in this court in an opinion handed down February 19, 1932, and which is reported in Burchell v. Com., 242 Ky. 477, 46 S. W. (2d) 757. Thereupon petitioner filed this proceeding against Judge Tarter and the jailer of Pulaski county. This proceeding is double-barreled. In one aspect is seeks a writ of prohibition to prohibit Judge Tarter from sitting as trial judge in the trial of this case. In its other aspect, it seeks a writ of habeas corpus directed to the jailer to the end that bail for the petitioner may be fixed by this court.

Petitioner supports his application in this court by a verified petition which sets out in detail and somewhat amplifies the grounds relied upon in the lower court to require Judge Tarter to vacate the bench. Judge Tarter has filed a special and general demurrer, and also a traverse verified by him with supporting affidavits, putting squarely in issue the allegations of fact concerning his alleged conduct upon which the petitioner relies as grounds to require him to vacate the bench. So far as the writ of prohibition is concerned, it will have to be denied. In the case of Duffin v. Field, 208 Ky. 543, 271 S. W. 596, 597, in which Duffin, after an unsuccessful effort in the trial court to require Judge Field to vacate the bench in a disbarment proceeding pending against Duffin, sought by an original proceeding in this court to have a writ of prohibition issued prohibiting Judge Field from trying such proceeding, in denying the application, we said:

"That the ruling of defendant of which complaint is made was an interlocutory one, subject to revision by him at any time before final judgment in the cause, cannot be denied; neither is it questioned that plaintiff has the right of appeal from whatever judgment defendant may render in the disbarment proceedings, and on the hearing of that appeal the ruling of defendant now complained of would be reviewable and, if erroneously made, would be cause for reversing the final judgment. It would therefore appear that we are without jurisdiction to entertain plaintiff's motion, because he has a remedy by appeal which under the opinions, supra, and which are fortified by the text in 32 Cyc. 613, par. D, and 22 R. C. L. 9, par. 8, he has the right to appeal, and

which, for reasons subsequently stated, we conclude is adequate.''

It is argued, however, that the Duffin case is not in point here: First, because if petitioner is convicted on his trial and given a death sentence, or that of life imprisonment, he will have to remain in jail pending an appeal, and hence if Judge Tarter has erred in overruling the motion for him to vacate the bench, the remedy by appeal is not adequate to give full relief; and, secondly, because Judge Tarter is a witness, as appellant claims, in his behalf, and if he sits as trial judge, there is no way to make him testify. As to the first contention regarding the inapplicability of the Duffin case, we expressly disallowed a like contention in the case of Brewer v. Vallandingham, Circuit Judge, 231 Ky. 510, 21 S. W. (2d) 831, 832, where we said:

"The plaintiff argues, however, that the remedy by appeal is not adequate, because of the fact that he would have to remain in jail pending the appeal, since he is unable to execute bond pending the appeal, and indeed, if the death sentence or life imprisonment be inflicted, he may not execute such a bond. Criminal Code, sec. 75. The plaintiff, even in such a state of case, is in no different position from any other defendant who is unable to execute bond pending an appeal, and, if such argument should prevail, we would, in such state of case, be constantly called upon to pass upon the correctness of all interlocutory orders made by the lower courts in the trial of criminal cases. That such was never meant to be the purpose of a writ of prohibition is manifest. In the Litteral case [223 Ky. 582, 4 S. W. (2d) 395], supra, we said that the granting of a writ of prohibition, where the court is proceeding within its jurisdiction, though erroneously, 'is never warranted save in exceptional or unusual cases.' Such is not this case, even if we concede, solely for the purpose of argument, that the defendant is about to proceed erroneously. The remedy by appeal to correct any erroneous ruling of the court is open to the plaintiff. The fact that he may be unable to execute bond pending that appeal is not such a circumstance as to take this case out of the general rule. He is no more unfortunate than any citizen charged with crime, who must remain in jail pending trial because

unable to execute bond, and who is later acquitted on trial. It is one of the burdens of living in society."

As to the second contention based on the claim that Judge Tarter is a witness for petitioner, Criminal Code of Practice, sec. 151, provides:

"The provisions of the Code of Practice in civil actions shall apply to and govern the summoning and coercing the attendance of witnesses, and compelling them to testify in all prosecutions, criminal or penal actions or proceedings, except that the attendance of witnesses residing in any part of the State may be coerced, and it shall never be necessary to tender to the witnesses any compensation for expenses, or otherwise, before process of contempt shall issue."

Thus we see that the provisions of the Civil Code apply to the summoning and coercing the attendance of witnesses and compelling them to testify in criminal prosecutions.

Section 603 of the Civil Code of Practice provides:

"The judge or a juror may be called as a witness; but, in such a case, it is in the discretion of the court to suspend the trial and order it to take place before another judge or jury; and, if a party know, when the jury are sworn, that a juror is to be called by him as a witness, he shall then disclose it, and the juror shall be excluded from the jury."

Under this section which deals with the compelling of a judge or juror to testify, it is in the discretion of the judge to suspend the trial and order it to take place before another judge or jury or to continue the trial himself although testifying as a witness. While no doubt any abuse of discretion on the part of the trial judge in this connection may be reviewed on appeal, it is very clear that this court under the general principles underlying the granting and refusing writs of prohibition will not in advance undertake to control that discretion by a writ of prohibition, since, if the discretion be abused, such abuse may be reviewed on appeal. In the Brewer case, supra, we refused to control by writ of prohibition the discretion of the trial judge in remanding a prosecu-

tion to the county where it originated and whence it had been transferred on a change of venue, holding that if the court abused its discretion in so doing, such abuse could be corrected on appeal if the defendant were convicted on his trial. And so here. If Judge Tarter abuses his discretion in declining to vacate the bench because he is a witness in the case, that abuse of discretion can be corrected on appeal if the petitioner be convicted on his trial. Of course we are expressing no opinion whatever on the merits of the question as to whether or not, on the showing made, Judge Tarter should have vacated the bench. That question will be disposed of when it is raised properly as herein indicated.

So far as petitioner seeks a writ of habeas corpus by the present proceeding, his petition will likewise have to be dismissed. It appears, at least from the response, that the petitioner has heretofore made application for bail before Judge Tarter and after a hearing that application was refused. In the case of Shepherd v. Rich, 214 Ky. 684, 283 S. W. 1006, 1007, which was an original proceeding in this court for a writ of habeas corpus to free the petitioner who claimed he was being detained under a void order, after pointing out that under the Code and authorities there is no appeal to this court from an order of a judge having original jurisdiction to issue the writ either disallowing or granting it, we said that beside the other reasons therein set out why the writ should not be granted, it would also have to be refused because Shepherd had made an unsuccessful effort to obtain the writ, not only from the county judge but also the circuit judge, and to allow him to obtain one from this court by an original proceeding instituted here would in effect be the granting of an appeal from the adverse decision against him by the circuit judge to whom he had made application. On this point we said:

"Therefore, to sustain the jurisdiction in this case and determine the cause upon its merits would be tantamount to sustaining an appeal from the ruling of the circuit judge, and to indirectly entertain the appeal when none can be prosecuted directly. The substance of the McLaughlin opinion [191 Ky. 346, 230 S. W. 304] is that, after exhausting the judicial officers who have original jurisdictions to entertain an application for a writ of habeas corpus, the petitioner has had his day in court, and must

abide the result, though denied an appeal to this court. We do not intimate that a second application before a tribunal of original jurisdiction would be barred by the first one, for it is expressly provided to the contrary by section 429 of the Criminal Code of Practice. But we do hold that the only tribunal who may entertain a second or other subsequent application is one of those provided by chapter IV of title 10, of our Criminal Code, and that there exists no right of either a direct appeal to this court, or an indirect one, by an original application invoking our original jurisdiction under section 110 of the Constitution.''

The Shepherd case is conclusive under the facts of this case of the lack of right of petitioner to the writ of habeas corpus sought herein. For the reasons hereinbefore set out, the petition of the petitioner is dismissed.

Whole court sitting.