## Hargis v. Swope, Judge.

(Decided March 25, 1932.)

A. H. HARGIS for petitioner.

RICHARD C. STOLL for respondent.

OPINION OF THE COURT BY JUDGE REES—Denying writ.

The petitioner, A. H. Hargis, seeks a writ of prohibition to prohibit Hon. King Swope, judge of the Fayette circuit court, from sitting as trial judge in a number of cases pending in that court in which petitioner is a party and especially in the case of Joanna E. Hargis v. A. H. Hargis. Judge Swope has filed a demurrer to the petition and also an answer with supporting affidavits putting in issue the allegations of fact concerning the alleged conduct upon which the petitioner relies as grounds for a writ of prohibition to prohibit him from proceeding further with the trial of the cases in question.

The case of Joanna E. Hargis v. A. H. Hargis is a divorce proceeding instituted by the wife of petitioner in the Fayette circuit court in 1926. A judgment was entered in that court prior to the time when respondent assumed the duties of judge of the Fayette circuit court which occurred in January, 1931. Subsequent to January, 1931, Joanna E. Hargis asked for a rule against petitioner requiring him to show cause why he was not in contempt of court for failure to pay alimony adjudged against him. A judgment was entered in January, 1932, and petitioner is preparing an appeal to this court. He alleges that pending that appeal he will be adjudged in contempt of court by the respondent and incarcerated in jail for the nonpayment of alimony unless the respondent is prohibited from proceeding further in the case.

In July, 1931, while the proceeding instituted by Joanna E. Hargis was pending, petitioner filed a motion in the Fayette circuit court to require respondent to vacate the bench, but this motion was later withdrawn.

The writ of prohibition will have to be denied. The respondent has jurisdiction of the cases which the petitioner is attempting by this proceeding to prohibit him from trying, and, if he proceeds erroneously, petitioner's remedy is by appeal.

In the recently decided case of Burchell v. Tarter, Judge, 242 Ky. 612, 47 S. W. (2d) 75, Burchell, who had been indicted for murder in the Rockcastle circuit court, after his motion to have the trial judge vacate the bench was overruled, sought a writ of prohibition to prohibit him from sitting as trial judge in the trial of the case. It was argued that, if the trial judge had erred in overruling a motion for him to vacate the bench, the remedy by appeal was not adequate to give full relief, but, in denying the writ of prohibition, the following was quoted from the opinion in Duffin v. Field, 208 Ky. 543, 271 S. W. 596, 597:

> "That the ruling of defendant of which complaint is made was an interlocutory one, subject to revision by him at any time before final judgment in the cause, cannot be denied; neither is it questioned that plaintiff has the right to appeal from whatever judgment defendant may render in the disbarment proceedings, and on the hearing of that appeal the ruling of defendant now complained of would be reviewable and, if erroneously made, would be cause for reversing the final judgment. It would therefore appear that we are without jurisdiction to entertain plaintiff's motion, because he has a remedy by appeal which under the opinions supra, and which are fortified by the text in 32 Cyc. 613, par. D, and 22 R. C. L. 9, par. 8, he has the right to appeal, and which, for reasons subsequently stated, we conclude is adequate."

The case of Brewer v. Vallandingham, Judge, 231 Ky. 510, 21 S. W. (2d) 831, cited in the Burchell Case, is also directly in point here. It was argued in the Brewer Case that the remedy by appeal was not adequate because the petitioner would have to remain in jail pending the

appeal since he was unable to execute bond. It was held, however, that the remedy by appeal to correct any erroneous ruling of the court was open to the petitioner, and the fact that he might be unable to execute bond pending that appeal was not such a circumstance as to entitle him to a writ of prohibition.

This proceeding is essentially one to stay proceedings upon a judgment entered in the Fayette circuit court pending an appeal to this court. The proper method of achieving this result, however, is by executing a supersedeas bond as provided by law. Civil Code of Practice, sec. 747 et seq. If petitioner is unable or unwilling to execute such a bond, he cannot have the proceedings stayed by a writ of prohibition. It is alleged in the petition, mostly as conclusions of the pleader, that respondent is hostile to the petitioner and will not afford him a fair trial in the various cases pending before him. Under such circumstances the petitioner should have filed at the proper time a motion supported by an affidavit to require the respondent to vacate the bench. White v. Jouett, 147 Ky. 197, 144 S. W. 55.

The cases of Burchell v. Tarter, Duffin v. Field, Brewer v. Vallandingham, supra, and Ledford v. Lewis, Judge, 227 Ky. 396, 13 S. W. (2d) 276, are controlling as to all the questions raised in this proceeding, and on the authority of those cases the writ of prohibition must be, and it is, denied, and the petition is dismissed.

The whole court sitting.