## Stumbo et al. v. Clark, Justice of the Peace, et al.

(Decided June 22, 1934.)

JOS. D. HARKINS for petitioners.

A. E. AUXIER and FORREST D. SHORT for respondents.

OPINION OF THE COURT BY JUDGE DIETZMAN—Refusing writ of prohibition.

This is an original application in this court for a writ of prohibition to prohibit the fiscal court of Floyd county, Ky., from hearing and determining a proceeding brought by the county attorney in such court for the purpose of having canceled certain warrants theretofore issued by that court to the petitioners herein for care and medical attention furnished by these petitioners to the indigent poor of Floyd county over a period of years. The writ will have to be denied.

The fiscal court of Floyd county either has jurisdiction, or has not jurisdiction, to hear and determine the proceeding there pending, and which this application seeks to forestall. The confusion as to whether the fiscal court has such jurisdiction or not arises out of the cases of Vanzant v. Watson, 230 Ky. 316, 19 S. W. (2d) 994, and Kenton County v. Jameson, 150 Ky. 440, 150 S. W. 528. It will not be necessary, however, to determine in this litigation whether or not the fiscal court of Floyd county has jurisdiction to hear and determine the proceeding there pending and here in question. If the fiscal court of Floyd county has not jurisdiction to hear and determine that proceeding, the application for the writ of prohibition should have been made in the circuit court and not here. Henry v. Harris, Judge, 221 Ky. 238, 298 S. W. 690. On the other hand, if the fiscal court has jurisdiction to hear and determine this proceeding, then the only basis upon which the writ of prohibition could be successfully asked from this court is that the fiscal court is proceeding erroneously and that the petitioners have no adequate remedy by appeal, that is to say, no appeal, or, if a remedy by appeal, that great and irreparable injury will be done them by the delay attendant upon such an appeal. Potter v. Gard-

ner, Judge, 222 Ky. 487, 1 S. W. (2d) 537. Conceding arguendo that the fiscal court is proceeding erroneously, the petitioners have under section 978 of the Statutes a remedy by appeal to correct any erroneous order the fiscal court may make. Owen County v. Walker, 141 Ky. 516, 133 S. W. 236; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. It is claimed however, that this remedy by appeal is not adequate in that the petitioners will be greatly and irreparably damaged by the delay attendant upon an appeal, since pending such appeal they will be kept out of their money should the fiscal court cancel the warrants which have been issued to them and without their money they cannot continue to operate their hospital. Some suggestion is made that the cessation of the operation of the hospital will cause a great deal of inconvenience and suffering in the community, but the irreparable damage which authorizes the issuance of a writ of prohibition by this court is the irreparable damage done the parties to the suit. The mere deprivation of the use of money pending an appeal to determine whether or not it belongs to the petitioner is not such great and irreparable damage as authorizes the issuance of a writ of prohibition. See Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Hargis v. Swope, 243 Ky. 172, 47 S. W. (2d) 1017. Interest will recompense the petitioner for the loss of such use.

The premises considered, it is clear that the writ of prohibition here sought should not be granted by this court, and the motion for the same is now overruled and the petition is dismissed.

Whole court sitting.