**COMMONWEALTH v. DIXON, Judge.**

Court of Appeals of Kentucky.

July 19, 1954.

Cleon K. Calvert, Pineville, for petitioner.

W. R. Knuckles and W. J. Stone, Pineville, for respondent.

CLAY, Commissioner.

This is an original proceeding in this Court brought by the Commonwealth for an order in the nature of a writ of prohibition under RCA 1.420 to prohibit the circuit judge of Bell County from proceeding to try an appeal taken from the Pineville Police Court by one Hubert Collett.

From the facts shown by the record, on May 9, 1954, Collett was brought before the Pineville Police Court on a charge of possessing alcoholic beverages for the purposes of sale in dry territory. He pleaded guilty to the charge and was thereupon fined $100 and costs and was sentenced to 30 days in jail.

On the same day Collett paid into the Court the full amount of the fine and court costs, and subsequently attempted to take an appeal to the Bell Circuit Court from so much of the judgment as imposed a jail sentence.

It has been held in Maggard v. Commonwealth, 201 Ky. 626, 257 S.W. 1009, that where a criminal judgment imposes a fine and a jail sentence, if the defendant satisfies so much of the judgment as fixes a fine, he may not prosecute an appeal from that part of a judgment imposing a jail sentence.

The respondent takes the position that because the original judgment certified to the circuit court did not show on its face that part of the judgment had been satisfied, he became vested with jurisdiction to hear the appeal since it was in all other respects properly perfected. However, after the appeal was taken a notation was made by the judge of the Pineville Police Court on the certified copy of the judgment that the fine and costs had been paid on the day the judgment was entered. Assuming respondent acquired jurisdiction when the certified copy was filed in his court, it seems clear to us that jurisdiction was lost when the true facts were made to appear in the record. It is not controverted that the fine and costs were actually paid before the appeal was taken.

While a contention is made that Collett was misled or made a mistake concerning his right to appeal, this is imma-

terial since the question is one of jurisdiction. In our opinion respondent is now without jurisdiction to try this appeal, and under the authority of the Maggard case above cited, his only authority is to enter an order dismissing the appeal.

The petition of the Commonwealth is sustained, and respondent is ordered to take no further action in the purported appeal of Hubert Collett except to enter an order dismissing the appeal.