**HARRIS COAL CORPORATION, Petitioner,**

v.

**John C. CORNETT, Judge of the Magoffin Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

———◆———

James W. Stites, Louisville, Earl R. Cooper, Salyersville, Paul C. Shafer, Jr., Cleveland, Ohio, for petitioner.

Bert T. Combs, Joe Hobson, Prestonsburg, for respondent.

MONTGOMERY, Judge.

This is an original action in this Court brought by the Harris Coal Corporation against John C. Cornett, acting in his official capacity as Judge of the Magoffin Circuit Court. The relief sought is a special writ in the nature of prohibition. A temporary order was issued. After a hearing upon the petition on December 14, 1956, the temporary order was dissolved and the petition for a permanent order of prohibition was denied. The order provided that an opinion should be delivered later.

The specific relief sought by the petitioner was to prohibit the respondent in his official capacity from: (1) confirming or attempting to confirm the report of sale of certain property sold under order of the court at a Commissioner's sale; (2) refusing or attempting to refuse to accept and approve the supersedeas bond tendered by petitioner; and (3) refusing or attempting to refuse to issue or direct the issue of supersedeas on so much of the judgment relating to the certain property to which reference has been made.

On or about November 2, 1956, a judgment was entered in the Magoffin Circuit Court, in action number 242, styled J. W. Howard, et al., Plaintiffs, v. North Star Company, et al., Defendants. The petitioner was one of several defendants in that action. The judgment determined the respective rights and interests of the parties to the action in the assets and coal mining properties of the North Star Company and the Buchanan Coal Company. Many matters not concerning the petitioner were also adjudicated.

Following the entry of the circuit court judgment, the petitioner and the Big Five Auger Company, another defendant, gave notice of appeal on November 12, 1956. The respondent was requested to fix the amount of the supersedeas bond. On November 21, 1956, this petitioner tendered to the clerk of the circuit court a corporate surety bond in the sum of $5,000. On the

same day, the respondent by order fixed the amount of bond to be executed by petitioner and Big Five Auger Company at $150,000. The relationship in time of the two acts is not shown. Petitioner was advised by respondent by letter received on November 24 that the tendered bond was insufficient. An order disapproving the tendered bond was made by respondent on November 23, 1956. The question of timely notice on these orders is not considered now.

Under the terms of the judgment, the Master Commissioner of the circuit court was directed to, and did sell, the property involved on November 26, 1956. Petitioner's motion to stay action on the sale, filed November 21, 1956, was still pending. The bid for the properties purchased by the petitioner at the sale was $42,000. The value of other properties sold exceeded $46,000. The record is not clear as to the total amount involved.

The petitioner contends that the respondent in fixing the bond at $150,000 acted erroneously and improperly within his jurisdiction, and that the petitioner is without remedy by appeal or otherwise and as a consequence will suffer great and irreparable damages unless the respondent is prohibited from doing the acts mentioned. The petitioner's right to execute a $5,000 bond is claimed under CR 73.04 to secure the plaintiffs from loss "for the use and detention of the property, the costs of the action, costs on appeal, and interest".

The decisive question is whether the required execution of a $150,000 supersedeas bond will cause great and irreparable damages to the petitioner.

█ The use of special writs, including prohibition against judges of inferior courts, is a drastic and extraordinary remedy within the discretion of the Court, which is reserved for an extraordinary case. Luster v. Auxier, Ky., 285 S.W.2d 900; Stafford v. Bailey, 301 Ky. 155, 191 S.W.2d 218; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, 10 A.L.R. 2d 921.

█ The inability or unwillingness to execute a supersedeas bond, Hargis v. Swope, 243 Ky. 172, 173, 47 S.W.2d 1017; the inability to execute an appeal bond in a criminal proceeding, Burchell v. Tarter, 242 Ky. 612, 47 S.W.2d 75; the suffering resulting from inability to operate a hospital, Stumbo v. Clark, 255 Ky. 287, 73 S.W. 2d 8; and the required execution of an injunction bond, Local No. 181, Hotel & Restaurant Employees Union v. Miller, Ky., 240 S.W.2d 576, have been rejected as a basis for issuance of a writ of prohibition against a judge of an inferior court. In Farmers National Bank of Danville v. Speckman, 312 Ky. 106, 226 S.W.2d 315, the delay and expense incident to an appeal to this Court were held not to be such "irreparable injury" as authorized the issuance of a writ of prohibition.

The record does not show that the petitioner will suffer great and irreparable injury by reason of the execution or the failure to execute the $150,000 bond. The use of the extraordinary remedy is not justified.

The order is denied.