**Robert W. CRAIG and Tommie O. Miller, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 9, 1969.

John M. Compton, Lexington, for appellants.

John B. Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

Robert W. Craig and Tommie O. Miller, locksmith and ironworker, respectively, were indicted for armed robbery, grand larceny and escape from jail along with the sister of Miller. The sister was acquitted of all charges, but Craig and Miller were convicted of escaping jail and sentenced to serve a year in that institution. They admitted the escape from jail so their appeal necessarily is bottomed on collateral issues cloaked in the jargon of due process of law.

The appellants and the lady involved were on tour when arrested in Corbin for obtaining automobile tires through the use of a credit card which did not belong to them. They were caught with their newly acquired tires stored conveniently in a haul-away attached to their car. Furthermore, they did not have a proper license on their car. The learned trial judge set their bail and ordered them to jail at Barbourville until a satisfactory bond could be presented. Much of the testimony swirls

around the conduct of the trial judge, whether he properly apprised them of their constitutional rights when they were initially brought before him for the setting of their bail, and whether the clerk of court and his deputies refused to let appointed counsel see the warrant of arrest and the affidavit on which it was based, which resulted in the clerk and his staff taking the witness stand and denying that they ever were asked to permit counsel to see the warrant and affidavit and the trial judge taking the stand to tell the jury that he did carefully apprise the appellants of their constitutional rights at the time of their first appearance before him and that he read the warrant to them.

The appellants and the woman spent several days in the Barbourville jail and were treated well by the friendly jailer who was suffering from a stomach ulcer at the time. On the night of the escape Craig, locksmith, unlocked the door to his cell with the aid of a wire hook made from a coat hanger, and Miller asked the jailer to carry his soiled shirt to the cell of his sister for her to wash. When the jailer returned the wet shirt, Miller grabbed his arms, Craig sprang out of his cell, disarmed the jailer and they said they assured him that he would not be hurt if he remained quiet. Miller and his sister were released from their cells when Craig opened the doors with the use of the jailer's keys. They told the jailer they would use his car to get away in but would send him word where they left it. They did not get out of town. One of the city police recognized the jailer's car, thought the jailer's ulcer had flared up and he was rushing to the hospital for relief, and followed the car. When the officer discovered the car was not occupied by the jailer, but by others, he forced the driver to stop with the result that the trio was returned to jail. Apparently, there was no resistance to the re-arrest for the jailer's pistol was found under the driver's seat of the car. The appellants said the only reason they took the pistol was to keep it from being used against them.

During the trip from the Barbourville jail to London the appellants were handcuffed. At the London courthouse the deputy had trouble unlocking one of the handcuffs and told the prisoner to wait outside the courtroom until he could get it unlocked, but said the prisoner insisted on going on into the courtroom where some of the jury panel probably were. One of the charges on this appeal is that the appellants were prejudiced by some of the jury probably seeing the defendant handcuffed. There was no testimony from any of the jury that they saw the defendant handcuffed and court was not in session when the handcuffed prisoner entered the courtroom. The trial judge properly heard testimony on this issue and overruled the defense motion for a continuance. We find no error here.

It is also charged that the appellants were prejudiced by a question addressed to their feminine companion as to whether there were burglar tools in their car and to which she answered no. When we consider that the defendants were charged with armed robbery, grand larceny and escape from jail, it is difficult to see how this resulted in prejudice when all were acquitted of grand larceny and armed robbery, and the woman was even acquitted of escaping from jail. It would have been most difficult for the jury to have acquitted the appellants for escape from jail when they testified to how they forcibly did it. Apparently the reason the jury acquitted the woman of escaping from jail was the fact that she was not a conscious party to the plan of escape evolved by the appellants who were lodged in adjoining cells in the jail, but only a beneficiary of the plan and that she had used no force to effect her escape.

Complaint is made over the trial judge taking the witness stand to refute the accuseds' charges that the court failed to give them notice of their constitutional rights. Formerly in this jurisdiction a trial judge was permitted to testify at his discretion in a case being tried before him. Civil Code

of Practice, Sec. 603 (now repealed), Burchell v. Tartar, Judge, 242 Ky. 612, 47 S.W.2d 75, O'Neil & Hearne v. Bray, 262 Ky. 377, 90 S.W.2d 353; any abuse of discretion being reviewable on appeal. Both cases cited were civil actions, but in Burchell v. Tartar, Judge, this court refused to prohibit the judge from trying the criminal charge when he allegedly would be called as a witness for the prosecution and had allegedly expressed opinion as to the accused's guilt.

■■■ As a general proposition we strongly disapprove a trial judge's testifying in a criminal case being tried before him, even on an issue which does not involve directly the issue of guilt or innocence. See 97 C.J.S. Witnesses § 105(b). In the case at bar it would have been better to use other court personnel to refute the charges of the accused if they needed to be refuted. While we are critical of the practice of a trial judge taking the witness stand in a case being tried before him, we do not find it prejudicial here because of the accuseds' own testimony admitting their escape from jail and the fact that by attacking the court itself, they invited refutation of their charges. The truth of the matter is that the accusation that the trial court failed to inform them of their constitutional rights etc. should not have been admitted as testimony before the jury. It was irrelevant to the issue being tried— the guilt or innocence of the accused. Furthermore, the defendants could have sworn the judge off the bench if they thought he could not give them a fair trial.

The trial judge's testimony did attack their truthfulness on the collateral issues they raised, but it certainly could not have enhanced the effect of their testimony about their admitted forcible escape. See Wigmore, (1940 Ed.) Vol. VI, Sec. 1909, 'Judge as Witness', for a discussion and collection of cases and where he advocates no extreme view, saying, "* * * the law of Evidence need not employ the cumbrous weapon of an invariable rule of exclusion to destroy an entire class of use-

ful and unobjectionable evidence in order to avoid embarrassments which can easily be dealt with when they arise. Since the trial judge has no interest to subject himself or counsel or jury to these supposed embarrassments, it may properly be left to his discretion to avoid them, when the danger in his opinion arises, by retiring from the Bench before trial begun or by interrupting or postponing the trial and securing another judge."

The accused were jailed under color of law and were not entitled to resort to self-help, but must apply for their release through regular legal channels. 27 Am. Jur.2d, Escape, etc. Sections 7 to 11; Annotation, 70 A.L.R.2d 1440 et seq. We find no violation of due process in the factual situation here, because we conclude that the trial judge's testimony was not prejudicial in view of the accuseds' own testimony admitting their escape.

The judgment is affirmed.

All concur.