Alvin C. BARNES et al., Petitioners,

v.

Earl F. ASHCRAFT, Judge, Estill Circuit Court, Respondent.

Court of Appeals of Kentucky.

Feb. 2, 1973.

Eugene Watson, Irvine, for petitioners.

Earl F. Ashcraft, pro se.

DENYING PROHIBITION AND
MANDAMUS

PALMORE, Chief Justice.

On September 18, 1972, the grand jury of Estill County returned separate indictments against the petitioners, Alvin Barnes and Ova Lincoln Dabney, for illegal possession of alcoholic beverages in dry territory. KRS 242.230. Each of the indictments contained a second count charging a previous conviction for a similar offense, which calls for the enhanced punishment specified in KRS 242.990(1).

Both of these prior convictions were in a magistrate's court, and the instant proceeding in this court has generated out of a contention by Barnes and Dabney that they were void. Upon that ground they seek to

prohibit the circuit court from trying the indictments.

 According to the response, Dabney has been tried and acquitted so his case is now moot.

 Assuming for purposes of the argument that his conviction in the magistrate's court was void, Barnes has an adequate remedy by way of appeal to this court in the event he should be unsuccessful in persuading the circuit court to strike the second count of the indictment and is convicted under KRS 242.990(1). For that reason prohibition will not lie.

KRS 242.410 provides that upon conviction of an offense under KRS Ch. 242 the defendant shall be required to execute a peace bond or go to jail for 60 days and that the order so directing shall not be appealable. This alone does not warrant prohibition, because the execution of such a bond is not an irreparable injury to the defendant. If he is unable to provide a bond and is faced with imprisonment it is possible that he can present appropriate grounds for prohibition pending an appeal of his conviction, but of course the circuit court proceedings in this case have not reached, and may never reach, that stage.

 Barnes also requests mandatory relief against the circuit court's dismissal of his appeal to that court from the allegedly void judgment of conviction in the magistrate's court. The ground upon which the respondent dismissed the appeal was that Barnes had paid the fine and satisfied the judgment, thereby losing his right of appeal. As held in Maggard v. Com., 201 Ky. 626, 257 S.W. 1009 (1924), and Com. v. Dixon, Ky., 270 S.W.2d 167 (1954), that was the law under § 369 of the Criminal Code of Practice, but that section was not carried into the Rules of Criminal Procedure which became effective on January 1, 1963, and it is not the law today. Oatts v. City of Hopkinsville, Ky., 406 S.W.2d 842 (1966). Nevertheless, there is no apparent reason why Barnes

does not have an adequate remedy by appeal to this court from the order dismissing his appeal to the circuit court. Hence mandamus is not appropriate.

All relief demanded by the petitioners is denied.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.