# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 13, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000401-MR

CLAYTON JACKSON                                  APPELLANT

ON APPEAL FROM COURT OF APPEALS

V.                      NO. 2018-CA-000499-OA
CLAY CIRCUIT COURT NO. 11-CR-00003

HON. OSCAR GAYLE HOUSE, JUDGE,              APPELLEE
CLAY CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY         REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Clayton Jackson, appeals from the Court of Appeals' order denying his petition for a writ of prohibition and mandamus. For the following reasons, we affirm the Court of Appeals' order.

## I. BACKGROUND

In his original trial, a Clay Circuit Court jury found Jackson guilty of three counts of murder and one count of first-degree arson. This Court overturned that conviction on direct appeal in *Jackson v. Commonwealth*, 392 S.W.3d 907, 908 (Ky. 2013), due to a trial court error dealing with the

impartiality of a juror. The current writ concerns Jackson's retrial based on those charges.

On retrial, the Commonwealth filed a motion to introduce and use the video record of the testimony of certain witnesses. The trial court entered an order that the Commonwealth could use the prior testimony of two informants and that the court would rule on the admissibility of the prior testimony of any witness who had died in the intervening time between trial, assuming the offering party provided proof of the witness's death. After this ruling, Jackson filed a writ with the Court of Appeals to prohibit the circuit court from moving forward with a trial that allowed the Commonwealth to play the taped testimony from Jackson's first trial without first holding a hearing to determine if each witness whose testimony the Commonwealth wished to present in this manner was "unavailable" as set out in KRE 804. The Court of Appeals denied the writ, finding that Jackson had not shown that he lacked an adequate remedy by appeal. We agree and affirm the Court of Appeals.

## II. ANALYSIS

The issuance of a writ is an extraordinary remedy, and we have always been cautious and conservative in granting such relief. *Grange Mut. Ins. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004). The standard for granting petitions for writs of prohibition and mandamus is the same. *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 77 n.2 (Ky. 2010) (*citing Martin v. Admin. Office of Courts*, 107 S.W.3d 212, 214 (Ky. 2003)). This Court set that standard forth in *Hoskins v. Maricle*:

2

A writ . . . may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004). Here, there is no argument that the lower court lacked jurisdiction. Therefore, this case falls under the second class of writ, which requires that there be (1) no adequate remedy by appeal and (2) great injustice and irreparable injury.

As we have noted, "[i]n order for a writ to issue, the lack of an adequate remedy by appeal or otherwise is an absolute prerequisite." *Ridgeway Nursing & Rehab. Facility, LLC v. Lane,* 415 S.W.3d 635, 640 (Ky. 2013). Therefore, we turn to the threshold issue of whether Jackson has an adequate remedy by appeal. For the following reasons, we hold that Jackson has such a remedy.

Here, Jackson seeks a writ based on alleged evidentiary errors in allowing the admittance of recorded witness testimony without a hearing. However,

[w]e have consistently found the right of appeal to be an adequate remedy when the petition of a criminal defendant seeks only to correct procedural or trial errors. *E.g., Cavender v. Miller,* Ky., 984 S.W.2d 848, 849 (1998) (ruling with respect to defendant's right to discovery); *Futrell v. Shadoan,* Ky., 828 S.W.2d 649, 651 (1992) (evidentiary ruling); *Barnes v. Ashcraft,* Ky., 490 S.W.2d 484, 486 (1973) (order overruling motion to void prior conviction used for penalty enhancement); *Bentley v. Moore,* Ky., 239 S.W.2d 237, 237–38 (1951) (order denying change of venue); *Brewer v. Vallandingham,* 231 Ky. 510, 21 S.W.2d 831, 832 (1929) (consideration of Commonwealth's motion to change venue); *Fish v. Benton,* 138 Ky. 644, 128 S.W. 1067 (1910) (order changing

3

venue).

*Hoskins*, 150 S.W.3d at 19.

Jackson spends the majority of his brief to this Court arguing that the trial court will be proceeding erroneously if we do not grant his writ. However, as discussed above, he must also show he lacks an adequate remedy by appeal. He fails to do so. His only argument in this regard is that "under the current circumstances, a second trial is a needless waste of resources for the parties, the witnesses, the courts, and the Commonwealth of Kentucky." He argues that if the trial goes forward, it will "promote disrespect for the judicial system that allows a jury to reach a verdict, only to say that it didn't count and must be done again."

However, these are just the type of issues for which an adequate remedy is available—through the proper appellate channels. As we have held, "'[n]o adequate remedy by appeal' means that any injury to Appellants "could not thereafter be rectified in subsequent proceedings in the case." *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 614-15 (Ky. 2005) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 802 (Ky. 1961)).

The impact of "litigation absent our ordering the Court of Appeals to grant the writ simply is not enough to show inadequate remedy by appeal." *Chauvin*, 175 S.W.3d at 615. As we pointed out in *Chauvin*:

> "The alleged irreparable injury is the expense to be incurred in defending in the circuit court. Petitioners are in no different position from any other defendant who is put to the expense of contesting a claim. We do not find the aspect of injustice here which is necessary for prohibition. *The remedy of appeal appears to*

4

*us to be adequate."* *Brown v. Knuckles,* 413 S.W.2d 899, 901 (Ky. 1967) (citations omitted, emphasis added); *see also Fritsch v. Caudill,* 146 S.W.3d 926 (Ky. 2004) (holding that the possibility of trying case in the wrong venue did not present inadequate remedy by appeal because "[i]f appellants are correct that the Floyd Circuit Court is an improper venue for appellee's civil action, in due course, the trial court or an appellate court will so recognize and relief in the nature of dismissal for improper venue will be granted"); *Garrard County Bd. of Educ. v. Jackson,* 12 S.W.3d 686, 689 (Ky. 2000) (holding "the appellants have not demonstrated that an erroneous class certification ... would prejudice them in a manner which the courts cannot address on appeal").

*Id.*

The errors of which Jackson complains are well-suited for appeal. Because Jackson failed to meet the threshold requirement of showing he has no adequate remedy by appeal, our analysis need go no further.

## III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals' denial of Jackson's petition for a writ.

Minton, C.J.; Buckingham, Hughes, Keller, VanMeter and Wright, JJ. Sitting. All concur. Lambert, J., not sitting.

5

COUNSEL FOR APPELLANT:

Sandra E. Downs
Lexington, KY

Kara Louise Ottis
Dept of Public Advocacy

Julia Karol Pearson
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Oscar Gayle House


COUNSEL FOR REAL PARTY IN INTEREST:

Andy Beshear
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General

Gary H. Gregory
Manchester, KY