## Tritsch v. City of Covington.

(Decided November 20, 1914.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Attorney and Client—Employment—Duration.—Ordinarily the employment of an attorney continues as long as the suit or business upon which he is engaged is pending, and comes to an end with the completion of the special task for which the attorney was employed.

2. Attorney and Client—Conclusion of Relation at Common Law.—At common law the obtaining of a final judgment was such a determination of a suit as brought the relation of attorney and client to a close.

3. Attorney and Client—Setting Aside Judgment.—An authority to prosecute a suit gives no authority to an attorney to set aside the judgment which he obtained under his employment.

4. Attorney and Client—Husband and Wife.—Where a wife disavowed her husband's employment of an attorney who had obtained a judgment for the wife, the attorney had no authority to set aside the judgment.

5. Courts—Modification of Judgment.—A court of continuous session has control over its judgments for sixty days; thereafter it is without power to modify or set aside a judgment, except by petition and upon the grounds specified in sections 518 and 520 of the Civil Code of Practice.

W. J. DUPREE for appellant.

FREDERICK W. SCHMITZ for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Fannie Hendrix owned a lot in the city of Covington, worth about $300.00. Under the authority of the city, two streets were built within the taxing district, at an aggregate cost of $350.57 to the Hendrix lot.

Acting upon the theory that she could not be required, under the city charter, to pay an amount exceeding one-

half of the value of her lot for the street improvements, Fannie Hendrix brought an action, on December 28, 1908, in the Kenton Circuit Court, seeking to have the value of her lot fixed by the court and its liability limited in the manner above indicated.

Judge Walker C. Hall acted as the attorney for Fannie Hendrix, upon the suggestion of her husband. That action proceeded to a judgment on June 15, 1910, wherein the value of the lot was fixed at $300.00; and it was further adjudged that it could not be put in lien for street, sewer, and sidewalk purposes for an amount in excess of $150.00. The balance of the assessment in excess of $150.00 was canceled.

Three days later, on June 18, 1910, Fannie Hendrix sold her lot to Elizabeth Oskamp, who, in turn, conveyed it to the appellant, Lillian Tritsch.

In a reasonable time after the judgment, Judge Hall sent through the mail a bill to Mrs. Hendrix for $50.00, for professional services in the tax suit above mentioned; and she paying no attention to it, Judge Hall saw her in person. Mrs. Hendrix denied having employed Judge Hall to bring the suit, as well as the authority of her husband to do so.

Judge Hall subsequently presented his bill to Mrs. Tritsch, who then heard of it for the first time. She declined to pay it.

On April 3, 1911, nearly ten months after the judgment had been entered in the case of Hendrix v. City of Covington, it was, by an agreement between Judge Hall, as attorney for Mrs. Hendrix, and the solicitor for the city of Covington, set aside and the petition was dismissed, at plaintiff's cost. This action left Mrs. Tritsch's property liable for the whole of the original assessment.

Subsequently, on November 11, 1912, Mrs. Tritsch brought this action, seeking to annul the agreed order of April 3, 1911, and to reinstate the judgment of June 15, 1910, which had fixed the liability of her property for street improvements at $150.00. Upon final hearing the court dismissed her petition, and she appeals.

1. In dismissing the petition, the chancellor rested his judgment upon the fact that the judgment of June 15, 1910, was void, because Judge Hall had acted without any authority from Mrs. Hendrix in bringing the action. To sustain that ruling appellee relies upon Stevens v. Deering, 10 Ky. L. R., 394, 9 S. W., 292, and Carpenter v. Moorelock, 151 Ky., 506.

In our opinion a decision of the question of the validity of the judgment of June 15, 1910, is not necessary to the determination of this appeal, since Judge Hall exceeded his authority in setting it aside, under any view of the case.

At common law, an attorney's employment ended with the entry of judgment for or against his client; he could not thereafter, by virtue of his original employment, consent to the setting aside a judgment in his client's favor. 2 R. C. L., Sec. 86.

In 4 Cyc., 952, it is said:

"In the absence of disturbing events, the employment of an attorney continues as long as the suit or business upon which he is engaged is pending, and ordinarily comes to an end with the completion of the special task for which the attorney was employed. At common law the obtaining of a final judgment was such a termination of a suit as brought the relation to a close."

In Richardson v. Talbot, 2 Bibb, 384, this court said:

"In no case can an attorney under an engagement to prosecute a suit, after judgment is obtained, sue out any process to revive or reverse the judgment, without a new warrant or authority from his client for that purpose. A *scire facias* to revive and a writ of error to reverse a judgment, whether it is from the same or a superior court, have always been deemed actions which the attorney obtaining the judgment could not prosecute without a new warrant.

"The judgment in question having been set aside by motion, does not affect the case. A motion, unless it be such an one as arises incidentally in the prosecution of a suit, is to all intents and purposes an action. It differs from other actions only in being conducted *ore tenus*. There must be in it, as well as in other actions, *actor reus et judex*. It follows, therefore, clearly that the defendant, in moving to set aside the judgment, could not have acted in virtue of the authority to prosecute the original suit upon the bond. It would indeed be a contradiction in terms to say that an authority to prosecute a suit to judgment included an authority to prosecute a motion or other action to reverse or set aside that judgment."

To the same effect see Ball v. Lively, 2 J. J. M., 184; Hay v. Cole, 11 B. Mon., 70; and Smiley v. W. S. B. & L. A., 23 Ky. L. R., 251, 62 S. W., 853.

2. Furthermore, when the attorneys attempted, on April 3, 1911, to set aside the judgment of June 15, 1910,

the latter judgment had become final, and then existed for the benefit of Mrs. Tritsch, the owner of the property. Neither. of the attorneys ever claimed to represent Mrs. Tritsch, and their action did not bind her.

The Kenton Circuit Court has a continuous session; and, under section 988 of the Kentucky Statutes, relating to circuit courts having a continuous session, it is provided as follows:

"The court shall have control over its judgments for sixty days, as circuit courts have over their judgments during the term in which they are rendered."

Furthermore, section 997 provides:

"Any application for a new trial in an equitable action or proceeding, except for newly discovered evidence, shall be made within fifteen days after the judgment is rendered; and if the application be for cause mentioned, it shall be made as provided by general laws as to courts having terms, sixty days being counted as a term."

By section 518 of the Civil Code of Practice, the court in which a judgment is rendered has power, after the term, to vacate or modify it, by granting a new trial upon the several grounds therein set out; and, by section 520, the proceeding to vacate or modify a judgment on these grounds must be by petition, verified by affidavits setting forth the judgment, the grounds to vacate or modify it, and the defense if it be against the defendant. Since in setting aside the judgment the court proceeded neither under section 518 or 520 of the Code, nor under section 997 of the Statutes, section 988 controls.

In construing section 988, in Henry Vogt Machine Co. v. Pennsylvania Iron Works Co., 23 Ky. L. R., 2163, 66 S. W., 734, this court, after pointing out that sixty days had elapsed after the judgment before the motion for a new trial was made, said:

"The court had, therefore, lost control over the judgment and was without power to modify it or set aside, except as provided under sections 518 and 520 of the Civil Code of Practice, regulating proceedings for this purpose after the term at which a judgment is rendered."

See also City of Louisville v. Muldoon, 19 Ky. L. R., 1386, 43 S. W., 867; Johnson v. Stivers, 95 Ky., 128; Petty v. Wilbur Stock Food Co., 128 Ky., 130.

Our conclusion is that the order of April 3, 1911, was

ineffectual, because the court had then lost control over the judgment of June 15, 1910.

It is suggested that the judgment of June 15, 1910, was erroneous, in view of the subsequent decision of this court in City of Covington v. Schlosser, decided February 1, 1911, and reported in 141 Ky., 838; and that the judgment of 1910 should have been set aside for that reason. That was a matter, however, to be corrected in a regular way, and by proper representation; it did not authorize Judge Hall to set aside the judgment in favor of Mrs. Hendrix, or to enter a judgment affecting the property of Mrs. Tritsch; neither did it give the court jurisdiction after the expiration of the term.

Judgment reversed, with instructions to set aside the order of April 3, 1911, and to re-instate the judgment of June 15, 1910.