## Sheffer v. Speckman, Circuit Judge.

October 21, 1947.

Vincent J. Hargadon, Harry L. Hargadon, and John L. Bennett, Jr., for plaintiff.

J. L. Richardson, Jr. for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Dismissing petition.

This is an original action brought in this court wherein the plaintiff, John Sheffer, asks a writ of prohibition against Hon. Lawrence F. Speckman, Judge of the Chancery Branch, First Division, of the Jefferson Circuit Court, to prevent him from proceeding further in a divorce action filed by Sheffer against Katie W. Sheffer on the ground that the trial judge is acting beyond his jurisdiction.

The petition avers that on April 21, 1947, Sheffer filed in the court over which Judge Speckman presides a divorce action against Katie W. Sheffer; that the summons was duly served upon her, that she never answered, and after proof was taken the chancellor rendered judgment against her on June 9th, wherein Sheffer was granted an absolute divorce, given custody of their 13 year old child, Paul D. Sheffer, and was adjudged to be the sole owner of a house and lot located at 5103 Old Third Street Road in Louisville, as well as all household property therein. The judgment which is attached to the petition filed here, recites that unless Mrs. Sheffer conveyed this property to Sheffer within 30 days, the commissioner of the Jefferson Circuit Court is directed to convey it to him. Mrs. Sheffer complied

with the judgment and conveyed this real estate to Sheffer on July 8th.

It is further averred in the petition that on July 22nd, Mrs. Sheffer caused a notice to be served on Mr. Brent Overstreet, the attorney who represented the husband in the divorce action, that on the following day she would move Judge Speckman to set aside the judgment on account of fraud practiced on her in obtaining it and to permit her to file answer and counter-claim. That after the entry of the divorce decree, Sheffer left the State and while in the State of Washington he was informed on or about Aug. 21st, by his father of the service of the notice upon Overstreet, who at the time of that service was not Sheffer's attorney, since Overstreet's services had terminated several weeks before. That on September 1st, Sheffer employed Messrs. Vincent & Harry L. Hargadon and John L. Bennett, Jr., to move to quash as being invalid the return upon the notice. Upon the court overruling that motion, the attorneys just named brought in this court an action for a writ of prohibition against Judge Speckman.

Answer was filed by Judge Speckman and attached thereto is a copy of the affidavit executed by Mrs. Sheffer on July 21st, which she filed on July 23rd, in circuit court in support of her motion to vacate the divorce judgment. Judge Speckman's answer and a copy of the affidavit of Mrs. Sheffer filed therewith are quite long, hence we will only give the substance of them.

Mrs. Sheffer states in her affidavit that the divorce action was her first experience with courts and that she always has had a fear of legal procedure. When she was served with summons in the divorce action she inquired of Mr. Sheffer, who was then living with her, what it meant; that he took the summons from her and said that it meant nothing. Following this, he was especially nice to her, took her to places of entertainment, bought her some clothes, continued to live and cohabit with her and told her that he loved her; therefore, she took no steps to defend the suit or to protect herself. She did not know that the divorce had been granted until it appeared in the newspaper on July 3rd, and mention was made of it to her by neighbors.

It is further alleged both in Judge Speckman's

answer and Mrs. Sheffer's affidavit that after mention of the divorce appeared in the newspaper, Sheffer told Mrs. Sheffer that he did not desire a divorce but had obtained it so that he might change jobs and get work out of the State; that he continued to live in the home and on July 7th he opened a bank account for her and deposited $234.41 to her credit, and on July 9th gave her $60 to cover the board of their son, who was living with the child's maternal grandparents. Her affidavit further states that through the financial backing of her father, she and Sheffer had accumulated some $15,-000; $8500 of which was invested in this home, $3750 in war bonds in Sheffer's name and a $500 bond was taken in the name of their son. That she received a letter from Mr. Overstreet stating that unless she executed a deed to their home to Sheffer, a rule for contempt of court would be issued against her, and acting under emotional strain she signed the deed. The affidavit also states that Sheffer had been a religious fanatic and in their early married life had been confined in the asylum at Lakeland. It appears from this affidavit that she has not remarried and so far as she has been able to ascertain neither has Sheffer married since the divorce judgment was entered.

The answer of Judge Speckman pleaded in due form the facts set out in Mrs. Sheffer's affidavit and averred that the circuit courts of Jefferson County have control over their judgments for a period of 60 days, KRS 451.130, and he being of the opinion that a fraud had been practiced upon Mrs. Sheffer in the service of the summons, as well as in lulling her to sleep during the pendency of the action so the divorce judgment might be taken against her, set aside the judgment and allowed her answer and counter-claim to be filed.

Judge Speckman had jurisdiction of the subject matter of the action since he has control for 60 days under KRS 451.130 of divorce judgments, where there has been no change of the conditions of the parties, the same as he has over other judgments. Droste v. Droste, 138 Ky. 53, 127 S. W. 506; Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425. Should the reader be interested in pursuing further the jurisdiction of trial courts to vacate judgments of divorce, we refer him to Bush-

ong v. Bushong, 283 Ky. 36, 140 S. W. 2d 610; Crowe v. Crowe, 264 Ky. 603, 95 S. W. 2d 251; Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728; see also 49 C. J. S., Judgments, sec. 269, p. 486, and sec. 372, page 732; 27 C. J. S., Divorce, sec. 169, p. 810; Annotations 157 A. L. R. 6.

But it is urged by plaintiff that when Mr. Overstreet obtained the judgment for divorce for Sheffer and accepted a deed from Mrs. Sheffer on July 8th, in conformity with the judgment, his employment terminated, and the service of the notice upon Overstreet on July 22nd as Sheffer's attorney did not bring Sheffer before the court, citing such authorities as 7 C. J. S., Attorney and Client, sec. 116, p. 947; Hey v. Simon, 93 S. W. 50, 29 Ky. Law Rep. 315, and Tritsch v. City of Covington, 161 Ky. 171, 170 S. W. 518, Ann. Cas. 1916B, 722; and if Sheffer was not brought before the court by serving the notice upon Overstreet, then Judge Speckman was proceeding out of his jurisdiction and under sec. 110 of our Constitution this court should issue a writ of prohibition against him, citing Equitable Life Assur. Soc. v. Hardin, 166 Ky. 51, 178 S. W. 1155.

Whether or not Judge Speckman ruled correctly on the question of Sheffer being before the court by reason of the notice served on Overstreet does not concern us at this time. Should it develop that Judge Speckman is proceeding out of his jurisdiction, then Sheffer has an adequate remedy by appeal and will suffer no great or irreparable injury, therefore we are not authorized to issue a writ of prohibition. White v. Kirby, 147 Ky. 496, 144 S. W. 369; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S. W. 178. We say that Sheffer will suffer no great or irreparable injury because neither of the parties has married since the divorce judgment was entered, the property is being held intact and the child is with his grandparents, with whom he was living before the divorce action was instituted.

It was never the intention of sec. 110 of our Constitution that we should interfere with interlocutory orders of trial courts on the ground that they are proceeding erroneously or without their jurisdiction when the petitioner in this court has an adequate remedy by

appeal. Brewer v. Vallandingham, 231 Ky. 510, 21 S. W. 2d 831; Smith v. Burnett, 300 Ky. 249, 188 S. W. 2d 480, 481.

The petition is dismissed.