## Wallace v. Sowards, Judge

June 23, 1950.

Wm. A. Young, for petitioner.

J. R. Sowards, for respondent.

CLAY, COMMISSIONER—Denying Writ.

We have before us a petition for a permanent writ of prohibition to restrain the Judge of the Lewis Circuit Court from taking steps to punish petitioner for contempt. The latter is the Director of the Kentucky Division of Game and Fish.

On January 2, 1949, one Marksberry was arrested in Lewis County by a conservation officer for violating the state game laws. Before a Justice of the Peace he pleaded guilty to hunting without a license, and was fined $15 and costs. The shotgun which he had with him was confiscated and, as provided in KRS 150.120, was turned over to petitioner.

Thereafter Marksberry appealed to the Lewis Circuit Court, presided over by respondent. On this appeal Marksberry attempted to join petitioner as a party appellee. The other appellee was the Commonwealth of Kentucky.

A hearing was held at which the Commonwealth was

represented by counsel, and the Division of Game and Fish was represented by the conservation officer who made the original arrest. The Court adjudged that the shotgun should not have been confiscated, and that the "purported order of confiscation is illegal null and void." Respondent thereupon ordered petitioner, individually and as the Director, to return the gun forwith to the Court, to be returned to Marksberry. A copy of the above order and judgment, entered during the February term, was personally served on petitioner March 3, 1949.

Petitioner failed to comply with this judgment, and on April 5 a rule was issued to show cause why he should not be punished for contempt. This was duly served on petitioner, and he filed a response to the rule. Respondent found petitioner's response insufficient and adjudged him in contempt. An order was entered making the rule absolute and setting the matter for a hearing before a jury for the purpose of fixing punishment. The present petition was filed to restrain respondent from further proceeding in the matter.

In substance, petitioner's contentions are: (1) since Marksberry had satisfied the original judgment against him by the payment of the fine and court costs, he had no right of appeal to the Lewis Circuit Court under the specific provisions of Section 369, Kentucky Criminal Code of Practice; (2) if an appeal could be taken, petitioner could not properly be made a party appellee on the appeal; and (3) since he was not a party to the proceeding prior to the entry of the judgment by the respondent, such judgment was void as to him. Obviously, if the judgment was *void* on one or all of these grounds, petitioner cannot be held in contempt.

I. Our first question is whether or not respondent was without jurisdiction to entertain the appeal of Marksberry. Section 369 of the Criminal Code of Practice provides that no appeal shall be taken from a judgment of a Justice's Court "after it is satisfied." The judgment in the Justice's Court fined Marksberry $15 and confiscated his shotgun. He paid the $15 and costs, and under compulsion surrendered the gun. If the judgment was an entirety, the payment of the fine would constitute a satisfaction from which no appeal would lie. See Maggard v. Commonwealth, 201 Ky. 626, 257 S. W.

1009. On the other hand, if this judgment is severable, then the satisfaction of the fine would not foreclose Marksberry from appealing that part of the judgment which confiscated his property.

On a charge of hunting without a license, the confiscation of property is discretionary with the court trying the case. KRS 150.120. Subsection (2) of this section provides in part: "Upon conviction the court or the jury trying the case shall, except as provided in subsection (4), have the discretion of determining whether or not the things seized shall be declared contraband."

It is apparent the judgment of confiscation is not a part of the original conviction, but must follow it. Whether it is considered an element of the punishment, or as simply a means of protecting the public from future violations, it requires an independent adjudication. It is therefore our opinion that the two parts of the judgment involved in this case are severable, and that satisfaction of one part by the payment of a fine does not constitute a satisfaction of the other part within the meaning of Section 369.

If there be doubt about this conclusion, there is another ground upon which the Court would have the right to entertain the appeal. There is no question but what respondent's Court had jurisdiction of the subject matter and the original parties when Marksberry took his appeal. Whether or not the judgment had been satisfied was a question of law involving the construction of the Criminal Code of Practice and the statute involved. Clearly the Court had jurisdiction to determine the preliminary question of whether or not this appeal could be taken.

In Watson v. Humphrey, 293 Ky. 839, 170 S. W. 2d 865, 867, a writ of prohibition was sought to prevent a circuit court from setting aside a judgment which had become final, more than sixty days having expired since its rendition. Even though the circuit court had apparently lost jurisdiction of the judgment, we held it still had jurisdiction of the subject matter and had the right to proceed and determine the controversy. While it might have been error to so proceed, the Judge was "not acting beyond his jurisdiction."

The situation here presented is similar to that in cases where a defendant attempts to restrain a court

from proceeding because he has not been served with summons or given notice of the proceedings. We have consistently held that the Court in such cases has authority to proceed and determine whether or not it has jurisdiction of the defendant. Central of Georgia Railway Co. v. Gordon, Judge, 180 Ky. 739, 203 S. W. 725, and Sheffer v. Speckman, Circuit Judge, 305 Ky. 627, 205 S. W. 2d 305.

It is obvious the provisions of Section 369 cannot be self-executing. Whether or not that section applies to a particular case is a judicial question, and the circuit court has authority to pass upon it. Even if its decision is erroneous, it is not void. Therefore, respondent had the right to entertain Marksberry's appeal, and his judgment was effective until set aside in proper direct proceedings.

II. For the purposes of this decision, we will concede, without deciding, that Marksberry had no right to make petitioner a party to the appeal before the Circuit Court. If he was otherwise bound by the judgment, this formality is immaterial.

III. Our final question is whether or not, assuming petitioner was not a formal party to the proceedings, the judgment was void in so far as it directed him to return the shotgun. It is apparently petitioner's argument that respondent's Court had no jurisdiction over his person and was without authority to order him to do anything.

Petitioner expresses the thought that the proceedings before respondent's Court were quite novel, but analysis shows clearly that the principles applying in analogous cases are applicable here. It is a well-established rule that a person may be bound by the terms of a judgment even though he is not a party to the suit, and his failure to comply with such judgment may constitute contempt. This principle has been many times followed in injunction cases. It is said in 28 Am. Jur., Injunctions, Section 332: "The general rule is that one is bound by an injunction although not a party to the suit therefor, if he has notice or knowledge of the order and is within the class of persons whose conduct is intended to be restrained or acts in concert with such a person."

Even though a person is not named in an injunction,

he may be charged with contempt for violating it where he has actual knowledge of its terms. 12 Am. Jur., Contempt, Section 27. As stated in State ex. rel. Lindsey v. Grady, 114 Wash. 692, 195 P. 1049, 1050, 15 A. L. R. 383, at page 385: "The rule is, in cases of injunction, that the injunction binds the parties defendant, who are named and upon whom service has been secured, and all other persons who have knowledge of its provisions; in other words, that persons not parties to the injunction proceeding and against whom the decree is not directed by name may be punished for contempt if they violate the terms of the decree, provided that, subsequent to the making of the decree, they have been served with a copy of it and have had notice of it."

That case was cited with approval in Tucker v. Commonwealth ex rel. Attorney General, 299 Ky. 820, 187 S. W. 2d 291, wherein police officers were held guilty of contempt for violating a court order directing them in the performance of their duties. The officers were parties to the suit, but in the opinion it is stated that even if they had not been parties, they could be held in contempt of the restraining order because they had knowledge of it.

In Marcum v. Commonwealth, 272 Ky. 1, 113 S. W. 2d 462, a circuit court had ordered the defendant members of the fiscal court and the Budget Commission of Clay County to include in its budget a claim of the plaintiff. In a proceeding for contempt, the contention was made that the judgment should be set aside because the Budget Commission, or its members, were not before the court. It was held that their appearance in the contempt proceedings made them parties and subject to the contempt order of the court. See also extensive note in 15 A. L. R. 386.

We think the principle applied in the above cases is controlling here. Persons either individually or as a class, directed by a judgment to do or refrain from doing some act are under a duty to comply therewith, even though they are not formal parties to the proceeding or named in the order. The case is, of course, much stronger when, as here, petitioner by name was personally directed in the judgment, individually and as Director of the Division of Game and Fish, to return the shotgun to respondent's Court. This judgment was served upon him by the sheriff. If he had not theretofore been a party

to this suit, certainly the service of this judgment as effectively brought him before the court as if he had been served with a summons. Thereafter he could flaunt the authority of the Court only at his peril.

We have had difficulty comprehending the attitude of petitioner in the proceedings before respondent. The latter constituted but a second judicial step taken in the criminal prosecution of Marksberry by the Commonwealth. Petitioner was an agent of the Commonwealth, and acquired possession of the property involved by virtue of the initial court process in the Justice's Court. He had no personal interest in it, but was simply the official custodian. Until the rights of Marksberry were finally determined, the courts, and after the appeal; the Lewis Circuit Court, had jurisdiction of this property, and of all the necessary parties to the controversy.

It is rather shocking to hear the contention made that the Commonwealth by a judicial proceeding could deprive the owner of his shotgun, and by the acts of its agent, preclude the courts from restoring it. Petitioner suggests the only proper way Marksberry could get the gun back would be to file a claim and delivery action against him. Such contention is preposterous, even if it were not for the fact that no such action can be maintained in the face of Section 181 of the Civil Code of Practice.

On the whole case we have reached the conclusion that the judgment entered by respondent directing petitioner to return confiscated property was not void; that petitioner had a positive duty to comply with this judgment when he was given actual notice of it; and upon his refusal to comply therewith, the respondent was authorized to proceed against him for contempt of Court. With all due respect to the public officials of this state, they, as any one else, must recognize the authority of court judgments.

On the other hand, it is our opinion the actions of petitioner must have been ill advised rather than willful, and we think this opinion sufficiently condemns his actions and vindicates respondent, without the necessity for the infliction of further punishment. Immediate compliance with the judgment by petitioner, should, under the circumstances, be accepted by respondent as purging the contempt.

The writ of prohibition is denied, with directions that further proceedings be in conformity with this opinion.