COMMONWEALTH of Kentucky ex rel. DEPARTMENT FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION et al., Petitioners,

v.

Squire N. WILLIAMS, Judge, etc., et al., Respondents.

Supreme Court of Kentucky.

May 7, 1976.

R. Lee Armbruster and George L. Seay, Jr., Kentucky, Dept. for Natural Resources and Environmental Protection, Frankfort, for petitioners.

A. Robert Doll, Ronald D. Ray, Greenebaum, Doll, Matthews & Boone, Lively M. Wilson, Winfrey P. Blackburn, Jr., Stites, McElwain & Fowler, Louisville, Homer W. Ramsey, Whitley City, J. B. Johnson, Sr., Williamsburg, J. T. Begley, Lexington, for respondents.

STERNBERG, Justice.

In this original action the petitioners, Department for Natural Resources and Environmental Protection and Robert F. Stephens, Attorney General, Commonwealth of Kentucky, seek to prohibit a judge of the Franklin Circuit Court from enforcing an order holding them in contempt. The pro-

ceedings which resulted in the issuance of the contempt order came about in this manner.

On November 1, 1974, the petitioners herein filed a civil suit in the Franklin Circuit Court against Morris Stephens and Tombstone Junction Enterprises, hereinafter referred to as the landowners. The purpose of the litigation was to enjoin the use of certain lands in such a manner as would conflict with the "Kentucky Wild Rivers Act", which was enacted at the regular session of the 1972 General Assembly (SB 138). Simultaneously with the filing of the injunction action, a restraining order was issued against the landowners, in words and figures as follows:

"On motion of plaintiff by verified complaint, it is hereby ordered that the defendants, their agents, and employees and all persons acting in concert with them are temporarily restrained and enjoined from cutting timber, road building and any other land uses not allowed by KRS 146.290 within the exterior boundaries of a stream section designated by KRS Chapter 146 as a Wild River, that section being the Cumberland River from Summer Shoals to the backwater of Lake Cumberland and the defendants' activities being within the section, approximately 300 feet upstream from Cumberland Falls on the west bank of the Cumberland River in McCreary County, Kentucky, this order to be effective until further order by the Court."

On November 20, 1974, the landowners filed a motion to dissolve the restraining order and filed a motion to dismiss the complaint. On December 6, 1974, plaintiffs therein filed a motion for a temporary injunction. The circuit judge heard the parties and on December 10, 1974, issued a temporary injunction identical to the restraining order which he had theretofore issued.

The circuit court considered the landowners' motion to dismiss as a motion for summary judgment, and on June 24, 1975, filed his opinion in which he determined that (1) the "Wild Rivers Act" is constitutional; (2) the landowners are entitled to compensation for deprivation of their rights or interests; (3) the Commonwealth must forthwith initiate proceedings to compensate the landowners, either by negotiation or compensation; and (4) the Attorney General may enjoin landowners from unauthorized use of their land. Thereafter, on August 27, 1975, a formal judgment was entered in which it was provided as follows:

"This matter having come on to be heard by the Court and the Court having considered the record, exhibits, briefs, and oral arguments of the parties and in addition, the brief of Amicus Curiae, and being advised:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1) The Kentucky Wild Rivers Act, KRS Chapter 146 is constitutional and the injunctive process is available to the Attorney General to prevent or correct a condition constituting a violation of that Act.

2) The Commonwealth shall, simultaneously with the request for injunctive relief, initiate proceedings either by condemnation or otherwise to compensate the land owner for the rights to his real property taken by the Commonwealth's enforcement of the Wild Rivers Act.

3) The Defendants' motion to dismiss and the motion to dissolve the temporary restraining order are overruled.

4) The Defendants may apply to this Court for such relief as justice may require if the Commonwealth does not forthwith take the action required by this judgment.

5) This matter will be retained on the docket pending further orders of this Court."

On September 23, 1975, plaintiffs filed their notice of appeal and on October 1, 1975, filed their designation of record. On October 27, 1975, the landowners filed a motion for a rule against the plaintiffs asking that they show cause why they should not be held in contempt of court for not initiating proceedings to compensate the

landowners as ordered by numerical paragraph 2 of the judgment of August 27, 1975. The rule issued, and after hearing arguments of counsel for all parties, the court, on November 3, 1975, entered the following order:

"A Rule having issued against plaintiffs, returnable on November 3, 1975, to show cause why plaintiffs should not be held in contempt of this Court and the plaintiffs having appeared and the Court having heard arguments of counsel and having been sufficiently advised, is of the opinion that the plaintiffs have failed to comply with the final Order and Judgment of this Court in that plaintiffs have failed to initiate proceedings to compensate the defendants for their property. Therefore, it is hereby Ordered and Adjudged that the plaintiffs are found to be in contempt of this Court.

In order to allow the plaintiffs the opportunity to appeal to the Court of Appeals, this Order shall not become effective until November 13, 1975."

Petitioners herein, each of whom were plaintiffs in the Franklin Circuit Court, feeling themselves aggrieved by the order holding them in contempt, on November 6, 1975, filed the present proceedings. They allege that the order holding them in contempt " * * * is erroneous, and such action is not presently within the jurisdiction of the Franklin Circuit Court, that said order is clearly arbitrary or otherwise illegal, that there exists no adequate remedy by appeal or otherwise, and that great injustice and irreparable injury will occur to Petitioners if the aforesaid order is not prohibited." A motion to dismiss and a response to the petition for writ of prohibition have been duly and timely filed. Many reasons have been given in support of and in opposition to the petition; however, in view of the decision we have reached, it is necessary that we discuss only two of the arguments.

■ First of all, appellants, by reason of their positions in government, are not privileged from complying with orders of court. Our government is divided into three branches: executive, legislative, and judicial. Each is independent of the other, yet dependent upon the other. No one, however important or of whatever high position, is above the law. In *Wallace v. Sowards,* 313 Ky. 360, 231 S.W.2d 10 (1950), we held that the Director of the Kentucky Division of Game & Fish, could be held in contempt. In the course of the opinion we said:

"With all due respect to the public officials of the state, they, as anyone else, must recognize the authority of court judgments."

Next, it appears that the petitioners herein have an adequate remedy by appeal. The question has been raised as to whether this is a civil or a criminal contempt. For the purposes of these proceedings, it makes no difference. In *Miller v. Vettiner, Ky.,* 481 S.W.2d 32 (1972), we laid to rest the question of the right of appeal in both civil and criminal contempts. In doing so, we said:

"Since it has been clearly established that civil contempts do not come within the statutory denial of an appeal, and since a principal reason for that construction seems to lie in the fact that there is no fixed limitation on the extent of punishment for civil contempt, the same logic by which it is held that the statute does not apply to civil contempts suggests that it does not apply to any contempts, civil or criminal, for which there is no statutory limitation on the amount of punishment. We so hold, but without necessarily precluding the possibility of original proceedings in this court upon appropriate grounds such as inadequacy of the appellate remedy."

■ We hold that an appeal lies from the order holding these petitioners in contempt. The order does not assess a fine or fix any penalty for the contempt, but does specifically delay the effective date of contempt to permit an appeal to this court. We cannot speculate as to what will be the nature of the penalty that may be adjudged by the court. For the purpose of these proceedings we can, and do assume that

whatever penalty will be adjudged by the court will be within the limits of that court's jurisdiction.

We further hold that not only do the petitioners have the right of appeal to this court from the contempt order, but that the right of appeal provides adequate remedy under the circumstances presented in this action. Apparently petitioners are of the same mind, for they have appealed the order holding them in contempt. (File No. 75–1177).

In view of this court's denial of the petition for a writ of prohibition, we find it unnecessary to pass on the motion of the respondent, The Honorable Squire N. Williams, Judge, for an oral argument.

The petitioners' application for a writ of prohibition is denied.

All concur.