Robert Dennis CANTRELL *v.* STATE of Arkansas

CR 78-201                                577 S.W. 2d 605

Opinion delivered March 5, 1979
(In Banc)

*DeLoss McKnight,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of theft of property and aggravated robbery in the Craighead Circuit Court on September 20, 1978. He was sentenced to two years on the theft of property and 25 years on aggravated robbery with the sentences to run concurrently. During the trial an alternate juror was seated but at the close of the trial twelve were selected to decide the case. After the jury had deliberated for about an hour and a half they reported to the court that one member held religious beliefs which prevented her from voting to find anyone guilty and inflicting punishment. The court then determined the alternate juror was still present in the courtroom and had not discussed the case with anyone although she had been talking to the members of the victim's family and friends. The court then relieved the juror who had religious objections to punishment and substituted the alternate juror, Evelyn Cloinger. Thereupon the court instructed the then twelve jurors to commence deliberations from the beginning as though the case had not been previously discussed. Also, during an earlier trial of appellant which resulted in a mistrial, a witness named Tim Ray happened to appear with a civics class during the trial and claimed to recognize the appellant as a person he had observed near the scene of the crime on the date it was committed. The rule had been in effect during the first trial and obviously Tim Ray had not been excluded from the courtroom because it was not

known at the time that he was a possible witness. After the trial, Ray informed the state he had recognized the appellant as the person he observed on the date of the robbery and theft. At the second trial Tim Ray was permitted to testify over the objection of appellant that Ray was in violation of the rule in that he had previously heard the testimony.

For his appeal appellant contends it was reversible error to allow Tim Ray to testify and that the seating of the alternate juror after the others had been in deliberation was prejudicial error. We note the statement of the case as set out by appellant is much too lengthy. [See Ark. Supreme Court Rules, Rule 9(b)].

First, we will discuss the testimony of Tim Ray which was in violation of the rule. Whether a witness is placed under the rule is a matter of sound discretion by the court. *Oakes* v. *State,* 135 Ark. 221, 205 S.W. 2d 305 (1918). Also, when a witness violates the rule through no fault of, or complicity with, the party calling him, his testimony may be allowed and the violation of the rule goes only to credibility rather than competency. *Norris* v. *State,* 259 Ark. 755, 536 S.W. 2d 298 (1976). The trial court's exercise of discretion in such matters is not generally disturbed. *McCoy Farms, Inc.* v. *J & M Mckee,* 263 Ark. 20, 563 S.W. 2d 409 (1978). We have held it was error not to permit a witness to testify in violation of the rule under circumstances similar to those presented here. *Mobley* v. *State,* 251 Ark. 448, 473 S.W. 2d 176 (1971) and *Harris* v. *State,* 171 Ark. 658, 285 S.W. 2d 367 (1926).

In view of prior discussions and the facts in this case, we do not feel the court abused its discretion in allowing the testimony of Tim Ray, who was not under the rule at the first trial because no one, including Ray, knew he would be a witness. Appellant knew in advance Ray was to be called and therefore had an opportunity to prepare to test his credibility.

We turn now to the matter of allowing the alternate juror to be seated after the matter had been under consideration for an hour and a half. The answer to this question is plainly visible upon the face of Ark. Stat. Ann. § 39-233 (Repl. 1962) which reads as follows:

Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examinations and challenges, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.

The General Assembly could not have chosen words to make it more clear that the alternate juror(s) are discharged when the regular panel retires to consider its verdict. The statute states the alternate(s) *shall* be discharged when the regular panel retires to deliberate its verdict. When the jury retired to deliberate, there was then no alternate juror. Whether Evelyn Cloinger had discussed the case with others is of no concern for she was already severed from the case. At this point a mistrial should have been declared by the court because it was no longer possible to have twelve jurors reach a verdict one way or the other, since only eleven jurors remained.

Appellant contends he was placed in jeopardy twice for the same offense. We do not agree. The Fifth Amendment to the Constitution prevents double jeopardy. It has been explained that the Fifth Amendment prohibits a second trial after a judgment of guilt or acquittal and the imposition of multiple sentences. *Benton v. Maryland,* 395 U.S. 784 (1969). In view of our holding in this case, appellant has not been found guilty nor has he been acquitted; neither has he been sentenced more than once for the same offense. Appellant now stands in the position he was in before he was tried the first time. He stands innocent until proven guilty beyond a reasonable doubt.

Reversed and remanded.