COMMONWEALTH of Kentucky,
Movant-Appellant,

v.

Billy Joe PARTIN, Respondent-Appellee,
and Cabinet for Human Resources,
Intervening Respondent.

CABINET FOR HUMAN RESOURCES,
Commonwealth of Kentucky,
Appellant,

v.

DEPARTMENT FOR HUMAN SERVICES, JEFFERSON COUNTY; Timothy W. Dunn, an Infant; Marvin Louis Dunn; Emil Baize and Diane Pittman, Appellees.

CABINET FOR HUMAN RESOURCES,
Commonwealth of Kentucky,
Appellant,

v.

Honorable Roderick MESSER, Judge,
Laurel District Court, Appellee.

Court of Appeals of Kentucky.

Dec. 20, 1985.

As Modified Jan. 3, 1986.

Paul H. Twehues, Newport, for movant-appellant, Com.

Robert C. Patton, Newport, for respondent-appellee, Billy Joe Partin.

Debra Rothstein, Covington, for Northern Kentucky Legal Aid Society, Inc., amicus curiae.

J. Bruce Miller, County Atty., Susan P. Spickard, Asst. County Atty., Louisville, for appellee, Dept. for Human Services, Jefferson County.

Joan Carter, Louisville, for appellees, Timothy W. Dunn and Marvin Louis Dunn.

R. Hughes Walker, Henry J. Curtis, William K. Moore, Frankfort, for Cabinet for Human Resources.

Elmer Cunnagin, Laurel Co. Atty., Larry G. Bryson, London, for appellee, Roderick Messer.

Before COMBS, MILLER and WILHOIT, JJ.

COMBS, Judge.

We granted discretionary review and heard oral argument in the cases of *Commonwealth v. Billy Joe Partin*, and *Cabinet for Human Resources v. Timothy W. Dunn*. The companion case of *Cabinet for Human Resources v. Honorable Roderick Messer, Judge*, was submitted without oral argument. These three appeals involve similar disputes between the Cabinet for Human Resources [CHR] and the juvenile session of the district court. In order to expedite matters and in the interest of judicial economy we have disposed of all three appeals with one opinion.

In *Commonwealth v. Billy Joe Partin*, the Campbell District Court committed Partin as a delinquent to CHR's custody and ordered CHR to place Partin "at camp." CHR appealed the placement order, and the circuit court ruled that the district court has no power under KRS 208.200(1)(b) to order placement of children committed to CHR.

In *Cabinet for Human Resources v. Timothy W. Dunn*, the Jefferson District Court committed the child to CHR and ordered it to pick him up within four days. At that time, Dunn resided at the Jefferson County Youth Center, a secure detention facility operated by the Department for Human Services of Jefferson County [DHS]. CHR did not pick up the child, so DHS filed a motion requesting his removal and seeking reimbursement of costs and medical expenses. The district court held CHR in civil contempt of the commitment order and awarded DHS damages for expenditures made on Dunn's behalf. The circuit court affirmed.

*Commonwealth v. Honorable Roderick Messer, Judge*, reached the same result. In that case, the Laurel District Court committed a child to CHR and ordered it to place her in a residential treatment facility. After CHR refused to place the juvenile, the court directed it to show cause why it should not be held in contempt for ignoring the placement order. CHR petitioned the circuit court to prohibit the district court from enforcing its order by contempt proceedings, but the court ruled in favor of the district judge.

These three cases stem from a power struggle between CHR and the juvenile session of district court. CHR takes the position that once the court selects the alternative of commitment, it may not direct CHR's disposition of the child. CHR's argument is grounded in part on KRS 208.-200, the section which authorizes the district court to commit a juvenile to a custodial agency or person. KRS 208.200(1)(b) provides that "... orders of Commitment may include such advisory recommendations as the court may deem proper in the best interests of the child and of the public." CHR reasons that the statutory language precludes the court from issuing binding placement orders, and that advisory recommendations are not enforceable through contempt proceedings. In contrast, CHR's opponents argue that the chapter on juvenile proceedings as a whole authorizes the district court to direct CHR's placement of the child.

We note that this dispute is resolved not so much by the language of the chapter on juvenile proceedings as by § 27 and § 28 of the Kentucky Constitution, as follows:

§ 27 Legislative, executive, and judicial departments.

The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.

§ 28 Power of one department not to be exercised by the other.

No person, or collection of persons, being of one of those departments, shall exercise any power properly belonging to ei-

ther of the others, except in the instances hereinafter expressly directed or permitted.

KRS 208.020(1) grants the juvenile session of district court exclusive jurisdiction in proceedings involving juveniles. However, if the court commits a child to CHR's custody then KRS 208.430(1) authorizes the executive branch to direct the placement, care, treatment and ultimate discharge of that child, subject to the court's veto. KRS 208.430(2).

Sections 27 and 28 of the Kentucky Constitution preclude the district court's exercise of executive powers, such as ordering the placement of children committed to CHR's custody. *See Clark v. Ardery*, 310 Ky. 836, 222 S.W.2d 602 (1949). To the extent that the Campbell and Laurel district courts issued placement orders to CHR, those orders are unconstitutional and void. However, we do not view the Jefferson District Court's pick-up order in the same light. KRS 208.200, which expressly authorizes the juvenile session to commit children to CHR's custody, necessarily implies that the court may order CHR to pick up committed children. Orders of this nature do not violate § 27 and § 28 of the Kentucky Constitution.

We turn now to the question of whether the district court may hold CHR in contempt. KRS 208.230 gives the district court the express power to proceed against the child's custodian for contempt of court if the custodian fails to comply with orders entered "in support of any order or decree" commanding him "to do any acts required by law".

The court also has the inherent authority to invoke its contempt powers. The court in *Young v. Knight*, Ky., 329 S.W.2d 195, 199 (1959), discussed that power as follows:

It is not possible for any judicial tribunal to fulfill its functions without power to preserve decorum and enforce its orders. Hence, it has been recognized from ancient days that the process of contempt is an essential and inherent attribute of the jurisdiction of every court of record, and

this judicial power may not be confined by limitations of a statute, except in respect of punishment.

Furthermore, our courts consistently rule that the Commonwealth or one of its agencies may be held in contempt of court. In *Commonwealth ex rel. D.N.R. etc. v. Williams*, Ky., 536 S.W.2d 474, 476 (1976), the court discussed the issue as follows:

... [A]ppellants, by reason of their positions in government, are not privileged from complying with orders of court. Our government is divided into three branches: executive, legislative, and judicial. Each is independent of the other, yet dependent upon the other. *No one, however important or of whatever high position, is above the law.* [Emphasis added].

*See also Wallace v. Sowards*, 313 Ky. 360, 231 S.W.2d 10, 13 (1950). "With all due respect to the public officials of the state, they, as anyone else, must recognize the authority of court judgments."

In *Cabinet for Human Resources v. Timothy W. Dunn*, the district court held CHR in contempt for refusing to reimburse DHS for the cost of keeping Dunn after the court's pick-up order. We need not review that specific ruling because CHR has since agreed to cover those expenses. However, we do not dismiss the contempt issue as moot because "the litigation [involving this issue] is likely to be repeated". *Courier-Journal and Louisville Times Company v. Meigs* and *Lexington Herald-Leader Company, Inc. v. Meigs*, Ky., 646 S.W.2d 724, 725 (1983). We therefore hold that the district court has both express and implied authority to enforce valid orders to CHR through contempt proceedings.

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court which affirmed a district court order holding CHR in civil contempt and awarding damages against it and remand for further proceedings consistent with this opinion.

We reverse the order of the Laurel Circuit Court which refused to prohibit the

district court from enforcing its orders to CHR by contempt proceedings.

The judgment of the Campbell Circuit Court holding that the district court has no power under KRS 208.200(6) to order placement of children committed to CHR is affirmed.

MILLER, J., concurs.

WILHOIT, J., concurs in part and dissents in part.

WILHOIT, Judge, concurring in part and dissenting in part.

I concur with the majority that a district court has no authority to direct the Cabinet for Human Resources where to place a child when the child has been placed in the custody of the Cabinet. I find nothing in Chapter 208 of the Kentucky Revised Statutes to indicate that the Legislature intended to give such authority to the district courts. For this reason I do not believe we need to, or should, reach a constitutional question.

Inasmuch as the issue of the compensatory fine assessed by the Jefferson District Court has been rendered moot, I do not believe that we ought to consider that issue. If we are to do so, then, because of the many ramifications presented, we should at least call for additional briefing. As for the order which held the Cabinet in contempt, I have serious reservations as to whether the Cabinet itself, as opposed to its secretary or some other of its functionaries, can be held in contempt. I do not believe that the dictum in *Commonwealth v. Williams*, Ky., 536 S.W.2d 474 (1976), to the contrary is sufficient legal support for such a holding.