COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES, as next Friend of A.W., a Child, and C.W., a Child, Appellant,

v.

Hon. Margaret Ryan HUDDLESTON; Meredith Shea Weiss; Allen Ted Weiss; C.W., a Child, by and through Guardian ad Litem, Martha Blair Harrison; and A.W., a Child, by and through Guardian ad Litem, Martha Blair Harrison, Appellees.

No. 2005–CA–000165–ME.

Court of Appeals of Kentucky.

Feb. 17, 2006.

Lynn Pryor, Hopkinsville, KY, for appellant.

No brief filed for appellees.

Before Chief Judge, COMBS; DYCHE and HENRY, Judges.

## OPINION

COMBS, Chief Judge.

The Commonwealth of Kentucky, Cabinet for Health and Family Services (hereinafter, Cabinet), appeals from an order of the Warren Circuit Court, Family Division, which requires it to maintain residence in Simpson County of two children committed to its care. The Cabinet argues that the court abused its discretion by exceeding its authority when it restricted the Cabinet's ability to determine the best placement for the children in order to achieve its goal of family reunification. None of the appellees has filed a responsive brief. After

reviewing the record and considering the authorities cited by the Cabinet, we vacate that portion of the court's order limiting the Cabinet's discretion in determining the proper placement of the children committed to its care.

Following the filing of petitions alleging neglect as to A.W. and C.W., the children of the appellees (Meredith and Allen Weiss), were committed to the custody of the Cabinet in late 2003. At that time, Allen's whereabouts were unknown. Meredith, incarcerated for alcohol-related charges, stipulated to having neglected the children. A.W. and C.W. were placed with foster parents in Simpson County.

After Meredith's release from jail, she moved to Russell County. A permanency hearing concerning the continued care and custody of the children was conducted in October 2004 pursuant to KRS[1] 610.125. In its order of October 6, 2004, the court determined that the children should remain under the Cabinet's care and commitment. It also found that the Cabinet's permanency goal of reunification of the children with their mother was in the children's best interests. Nevertheless, it ordered the Cabinet to keep the children's residence in Simpson County, a distance of more than 100 miles from that of their mother.

Citing the obstacles in providing services because of the two-hour commute for visitation between Meredith and her children, the Cabinet filed a motion to alter, amend, or vacate that portion of the order requiring it to keep the children in Simpson County. The motion was denied, and this appeal followed.

The Cabinet argues that the court's restriction on where it can place the children "creates a situation which is unduly burdensome on [it] in its efforts to reunite the family." (Appellant's brief at p. 4.) The Cabinet cites both statutory authority and legal precedent for the principle that it—not the court—is responsible for determining where a child committed to its care should reside. Specifically, it relies on KRS 610.010(11), which provides as follows:

> Except as provided in KRS 635.060(3), **nothing** in this chapter **shall confer upon the [Family] Court jurisdiction** over the actions of the Department of Juvenile Justice or the cabinet **in the placement, care, or treatment of a child** committed to the Department of Juvenile Justice or the cabinet; **or to require the department or the cabinet to perform,** or to refrain from performing, **any specific act in the placement, care, or treatment** of any child committed to the department or the cabinet. (Emphases added.)

By this enactment, the Cabinet (not the court) stands *in loco parentis* with respect to the children. The Legislature has conferred sole and exclusive authority upon the Cabinet to determine the appropriate placement of a child committed to its care. While the family court undoubtedly sought to provide much needed stability to A.W. and C.W., KRS 610.010(11) explicitly prevents it from intervening in Cabinet decisions with respect to their placement.

The Cabinet also maintains that the family court's order restricting its placement of A.W. and C.W. offends the separation of powers provision of the Kentucky Constitution. That issue has already been resolved in favor of the Cabinet in *Commonwealth v. Partin*, 702 S.W.2d 51, 53 (Ky.App.1985), as follows:

1. Kentucky Revised Statutes.

Section 27 and 28 of the Kentucky Constitution preclude the district court's exercise of executive powers, such as ordering the placement of children committed to CHR's [2] custody. *See Clark v. Ardery,* 310 Ky. 836, 222 S.W.2d 602 (1949). To the extent that the Campbell and Laurel district courts issued placement orders to CHR, those orders are unconstitutional and void.

Thus, for the foregoing reasons, we vacate only that portion of the Warren Family Court's order requiring A.W. and C.W. to remain in Simpson County. We affirm the order granting custody of the children to the Cabinet but remand this matter for entry of a corrected order consistent with this opinion.

ALL CONCUR.

**2.** The Cabinet for Human Resources, the predecessor to the Cabinet for Health and Family Services.