# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 19, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

DATE 1|17|2020

2018-SC-000550-DG

COMMONWEALTH OF KENTUCKY,                                    APPELLANT
CABINET FOR HEALTH AND FAMILY
SERVICES


V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2017-CA-000228-MR
PIKE CIRCUIT COURT NO. 17-CI-00058


HON. KELSEY E. FRIEND, JR., PIKE                              APPELLEE
DISTRICT JUDGE

AND

ANGELA BENTLEY AND
PATRICK CASEY                                    REAL PARTIES IN INTEREST


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

This Court granted discretionary review to review the Court of Appeals'

affirmance of the Pike Circuit Court's denial of the petition for writ of

prohibition filed by the petitioner, the Commonwealth of Kentucky, Cabinet for

Health and Family Services ("the Cabinet"). In its writ petition, the Cabinet

sought to prevent the Pike District Court from enforcing the show cause order

it issued against Mountain Comprehensive Care Center ("MCCC"), a Cabinet-

regulated provider of alcohol and drug education and treatment under KRS[1] 189A.040, directing MCCC to appear and show cause why it should not be held in contempt of court for failing to provide court-ordered alcohol and drug education and treatment to the real parties in interest, Patrick Casey and Angela Bentley. Because MCCC had the right to appeal any potential contempt order issued by the Pike District Court, a writ of prohibition is inappropriate. Therefore, we affirm the lower courts' denials of the writ petition, albeit on different grounds.

## I.   Background.

This case turns on a question of law, the facts are not in dispute, and only an abbreviated recitation of the case history is necessary. The cases underlying this one involve criminal prosecutions for DUI against the real parties in interest, defendants Casey and Bentley, for violations of KRS 189A.010. Both Casey and Bentley entered guilty pleas in Pike District Court to DUI, first offense. For whatever reason, the district court continued the sentencing of both defendants but ordered that each complete alcohol and drug education classes.

When Casey arrived at MCCC to enroll in alcohol and drug education classes, MCCC contacted the Transportation Cabinet, which found no DUI conviction of record for Casey in the state database. MCCC offered to perform a substance abuse assessment on Casey to determine if, and what, level of care

---

[1] Kentucky Revised Statutes.

he needed and informed him that he would be credited for that assessment upon his DUI conviction. Casey refused services.

When Bentley arrived at MCCC for alcohol and drug education treatment, she informed MCCC that she had a DUI. Again, when MCCC contacted the Transportation Cabinet it found no record of a DUI conviction for Bentley. MCCC informed Bentley that upon her DUI conviction, she would receive credit for any completed counseling classes, but that MCCC could not generate a certificate of completion until the state database showed a conviction of record. Thereafter, Pike District Court Judge Friend scheduled a show cause hearing, directing MCCC to appear and show cause why it should not be held in contempt for failing to provide proof of completion to Bentley and failing to provide the court-ordered classes to Casey.

Approximately three weeks before the scheduled show case hearing, the Cabinet filed a petition in the Pike Circuit Court for a writ seeking to prohibit the district court from enforcing its show cause order against MCCC. The Cabinet argued that the district court acted outside of its jurisdiction by ordering MCCC to treat the defendants prior to formally sentencing them and, even if acting within its jurisdiction, the district court's issuance of the show cause order was erroneous. The Cabinet asserted that without a conviction of record, MCCC was not statutorily authorized to perform the act which the district court ordered, and would be in violation of KRS 189A.040 leading to a possible revocation of its license by the Cabinet. The circuit court conducted a hearing on the matter, after which it denied the writ petition, concluding that

3

the defendants' entry of a guilty plea constituted a "conviction" for purposes of their eligibility for alcohol and drug treatment and for purposes of authorizing the district court to order the defendants to seek treatment prior to entering a final judgment of conviction and sentence.

The Cabinet appealed, arguing that the district court acted contrary to the plain language of KRS 189A.040(1) which states that, in addition to other penalties, the court "shall sentence" a defendant to the requisite alcohol and drug education or treatment program.[2] In a 2-1 decision, the Court of Appeals affirmed the circuit court's denial of the writ petition, reasoning that since the district court had subject matter jurisdiction over DUI proceedings and authority to enforce orders in those types of cases, it did not exceed its jurisdiction by entering a show cause order against MCCC. The dissenting opinion observed that KRS 189A.040(1) clearly limits the district court's action

---

[2] KRS 189A.040 addresses alcohol or substance abuse treatment and programs. It provides, in relevant part: "(1) In addition to any other penalty prescribed by KRS 189A.010(5)(a) or (6), the court **shall sentence** the person to attend an alcohol or substance abuse education or treatment program subject to the following terms and conditions for a first offender or a person convicted under KRS 189A.010(1)(f): (a) The treatment or education shall be for a period of ninety (90) days and the program shall provide an assessment of the defendant's alcohol or other substance abuse problems, which shall be performed at the start of the program; (b) Each defendant shall pay the cost of the education or treatment program up to his ability to pay but no more than the actual cost of the treatment; (c) Upon written report to the court by the administrator of the program that the defendant has completed the program recommended by the administrator based upon the assessment of the defendant, the defendant shall be released prior to the expiration of the ninety (90) day period; and (d) Failure to complete the education or treatment program or to pay the amount specified by the court for education or treatment shall constitute contempt, and the court shall, in addition to any other remedy for contempt, reinstitute all penalties which were previously imposed but suspended or delayed pending completion of the education or treatment program." (emphasis added).

4

in ordering a defendant to alcohol and drug treatment "to the time 'sentence' is imposed, and not prior thereto." Thus, the dissent opined that the circuit court "erred in its consideration of whether or not the district court, though acting within its jurisdiction, had acted erroneously." Thereafter, the Cabinet petitioned this Court for discretionary review, which was granted.

## II.    Analysis.

The "issuance of a writ is an extraordinary remedy that is disfavored by our jurisprudence." *Caldwell v. Chauvin*, 464 S.W.3d 139, 144 (Ky. 2015) (citation omitted). Further, "the issuance of a writ is inherently discretionary" and even upon a showing that the "requirements are met and error found, the grant of a writ remains within the sole discretion of the Court." *Id.* at 145–46 (citation omitted).

In reviewing the appeal of a denial of a writ of prohibition, we must proceed with a two-step analysis:

> First, the court must look at whether such an extraordinary remedy is even available, before deciding the merits of the claimed legal error. Second, if the court finds that the remedy is available, it may then look at the merits of the claimed error. And if the trial court has erred or is about to err, the court may issue the writ. Thus, we must first examine whether the remedy is even available.

*Dunn v. Maze*, 485 S.W.3d 735, 740 (Ky. 2016) (citation omitted).

"In deciding whether the remedy is available, this Court has divided writ cases into 'two classes . . ., one addressing claims that the lower court is proceeding without subject matter jurisdiction and one addressing claims of mere legal error.'" *Id.* (citation omitted). Each writ requires a different showing:

5

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and **there is no remedy through an application to an intermediate court**; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and **there exists no adequate remedy by appeal or otherwise** and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004) (emphasis added).

Under either class of writ, a petitioner must make a threshold showing that the remedy is available, i.e., no other remedy exists through an application to an intermediate court, by appeal or otherwise. *Id.* While many reasons have been advanced in support of and in opposition to the writ petition in this case, we find conclusive the simple fact that the Cabinet has not satisfied the threshold showing that the remedy of a writ is even available. *See Newell Enters., Inc. v. Bowling,* 158 S.W.3d 750, 757 (Ky. 2005) (holding that "because almost any contempt finding by the circuit court would be appealable, the remedy of a writ is inappropriate[]"); *Commonwealth ex rel. Dep't for Nat. Res. & Envtl. Prot. v. Williams,* 536 S.W.2d 474, 476 (Ky. 1976) (holding that an original action for a writ against enforcement of a contempt order was not proper because the contempt order was appealable).

Here, an alternative remedy to filing a writ petition existed: MCCC had the right to appeal the issuance of any contempt order issued by the district court. Not only did MCCC have an adequate remedy by appeal, the grant of a writ petition on these facts would be advisory, as no contempt order has yet been entered and any potential harm to MCCC is purely speculative. Moreover,

*if* a contempt order was entered and *if,* because of that order, the Cabinet revoked MCCC's license, MCCC had the right to an administrative appeal of the Cabinet's action. *See* KRS 189A.040(8) ("Administrative decisions regarding the licensure of education and treatment facilities and programs may be appealed, and upon appeal an administrative hearing shall be conducted in accordance with KRS Chapter 13B."); 908 KAR[3] 1:310 § 10(1)–(5) (describing the process and requirements for an administrative appeal under KRS Chapter 13B). While the lower courts' opinions did not address this threshold requirement for filing a writ petition, we find it to be dispositive of the case and need not consider any of the parties' remaining arguments.

### III.  Conclusion.

Because MCCC had the right to appeal the issuance of any contempt order potentially issued by the district court, we affirm the denial of the Cabinet's writ petition.

Minton, C.J.; Hughes, Keller, Nickell, VanMeter and Wright, JJ., sitting. All concur. Lambert, J., not sitting.

COUNSEL FOR APPELLANT:

Matthew Forrest Perdue
CABINET FOR HEALTH AND FAMILY SERVICES

COUNSEL FOR APPELLEE:

Not Represented by Counsel

---

[3] Kentucky Administrative Regulations.

COUNSEL FOR REAL PARTY IN INTEREST
ANGELA BENTLEY:

Steven Goens
DEPARTMENT OF PUBLIC ADVOCACY

COUNSEL FOR REAL PARTY IN INTEREST
PATRICK CASEY:

Not Represented by Counsel